TOWNSHIP OF STAMBAUGH v. IRON COUNTY TREASURER.

1. TOWNSHIPS—CHANGE OF BOUNDARIES — UNCOLLECTED TAXES — DISTRIBUTION—AUTHORITY OF TOWNSHIP TREASURER.

By Acts Nos. 577, 578, and 667, Local Acts 1905, by which certain territory was detached from the township of Iron River, in Iron county, and attached to the township of Stambaugh, the township of Atkinson disorganized and its territory attached to the township of Iron River, and the territory detached from Iron River detached from the school district known as the "Public Schools of Iron River" and attached to the "Public Schools of Stambaugh," the legislature intended to change the territorial boundaries of the townships of Iron River and Stambaugh and of the school districts in and coextensive with each, and to provide for the distribution of all uncollected taxes of all territory affected by the legislation; and the provisions in said Acts Nos. 577 and 578 empowering the treasurers of the townships of Iron River and Stambaugh to collect taxes due and unpaid, and to enforce the payment of delinquent taxes, and credit them to their respective townships, entitles said treasurers to receive from the county treasurer the delinquent taxes levied for township and school purposes upon property in said territory afterward collected by the auditor general and paid over to the county treasurer.

2. SAME—POWER OF LEGISLATURE.

The legislature has authority to empower the township treasurer to receive all moneys belonging to the township treasury, and to take the necessary steps to obtain them.

3. STATUTES—CONSTRUCTION—MANIFEST INTENT—LITERAL SENSE.

In the construction of a statute the manifest intent of the legislature must prevail over the literal sense of the terms used.

4. TOWNSHIPS—CHANGE OF BOUNDARIES — UNCOLLECTED TAXES — VESTED RIGHTS.

A township does not acquire a vested right in delinquent taxes levied for township purposes in its territory and returned unpaid so that the legislature cannot, upon detaching a portion of its territory, transfer the right of collecting such taxes to the township to which the territory is transferred.

5. Statutes—Subject and Title—Harmony.

 The title of Act No. 578, Local Acts 1905, providing for the detaching of certain territory from one township and attaching it to another, disclosing that intention, is broad enough to include a provision for the distribution of uncollected taxes in the detached territory.

Certiorari to Iron; Stone, J. Submitted May 12, 1908. (Calendar No. 22,780.) Decided May 26, 1908.

Mandamus by the township of Stambaugh to compel the treasurer of Iron county to pay over certain taxes collected for township and school purposes. There was an order granting the writ. and respondent brings certiorari. Affirmed.

*M. H. Moriarty* and *Clarence D. Dwyer*, for relator.

*Fred H. Abbott*, for respondent.

The legislature of 1905 passed Local Act No. 578, entitled:

"An act to detach certain territory from the township of Iron River, in the county of Iron, and attach the said territory to the township of Stambaugh, in said county."

The act consists of two sections, the first of which detaches townships 44 and 45 north, of range 37 west, from the township of Iron River, and attaches the same to the township of Stambaugh, in said county. The second section provides that the township treasurer is—

"Empowered and authorized to collect all taxes that may be due and unpaid at or before the date of the taking effect hereof, upon any property detached from the township of Iron River and attached to the township of Stambaugh, as described in section one of this act. And to enforce the payment of delinquent and other taxes in the same manner as other delinquent taxes are collected in said township under the general laws. And to credit all moneys thus collected to the township of Stambaugh."

At the same time the legislature passed Local Act No. 577, disorganizing and vacating the township of At-

kinson in said county of Iron, and incorporating its territory with the adjoining township of Iron River. Section 4 of that act provides for the enforcement and payment of delinquent and other taxes and for crediting them, when collected, to the township of Iron River in language in substance the same as that in section 2 of Act No. 578. Those acts were ordered to take effect April 1, 1906, and were approved June 1, 1905.

The same legislature shortly afterwards passed Local Act No. 667, detaching the territory mentioned in Act No. 578 from school district " The Public Schools of Iron River," and attaching the same to the district " The Public Schools of Stambaugh." The body of the act contained the requisite provisions for carrying it into effect. This act was also ordered to take effect April 1, 1906.

The respondent, the treasurer of Iron county, proceeded to collect the delinquent and other taxes, and, of the amount so collected, $5,761.49 were taxes for township and school purposes. The relator made a demand upon the respondent for these taxes. The demand was refused and the relator then filed its petition in the circuit court for the county of Iron, praying the writ of mandamus to compel the payment to it of the taxes thus collected. The court granted the writ, and the proceeding is before us for review under the writ of certiorari.

GRANT, C. J. (*after stating the facts*). The territorial limits of the municipality known as the public schools of Iron River and the township of Iron River were identical. The same is true of the township and school district of Stambaugh. It was clearly the intent of the legislature by these three acts to change the territorial boundaries of the townships of Iron River and Stambaugh and of the school districts existing in each, to vacate the township of Atkinson and attach its territory to the township of Stambaugh, and to provide for the distribution of the uncollected taxes. By this act the territory of Atkinson became a part not only of the township

of Iron River but of the school district of Iron River. The delinquent taxes which, at the time of these changes, had been returned by the township treasurer for nonpayment, were afterwards collected through the agencies of the State and county and were paid over to the respondent.

It is urged that the treasurer of Stambaugh could not collect and enforce the payment of these taxes, because his control over proceedings to collect and enforce had ended, that the enforcement and collection of them devolved exclusively on the county treasurer and auditor general, that his only further duty was to receive from the county treasurer at stated quarterly intervals the proceeds of school and township taxes which the county treasurer or the auditor general had collected, and that therefore there were no taxes to which the language of the act could be applied. The language of these acts will not bear this construction. When these delinquent moneys had been paid to the county treasurer, the township treasurers to whom they were payable certainly had the right to demand payment, and, upon refusal by the county treasurer, could take the necessary proceedings to enforce payment. The county treasurer and auditor general are mere conduits through whom delinquent taxes when paid are conveyed to the township treasurer.

The words used in the statute, "collect and enforce," include the power to receive moneys from those authorized to pay them. The purpose and effect of both acts were to clothe the treasurer of each township with the power to receive all moneys belonging in the township treasury and to take the necessary steps to obtain them. The power to so provide is clearly vested in the legislature. Its manifest intent must prevail over the literal sense of terms. 1 Kent's Commentaries, p. 462; *Green* v. *Graves*, 1 Doug. (Mich.) 351. The township of Iron River had not acquired vested rights in the delinquent taxes of this detached territory so that the legislature, in dividing the territory, could not transfer the right to uncollected taxes from one township to the other.

The other contentions in behalf of respondent are answered against him by *Perrizo* v. *Kesler,* 93 Mich. 280; *People* v. *Worden Grocer Co.,* 118 Mich. 604; *Attorney General, ex rel. Kies,* v. *Lowrey,* 131 Mich. 639; *Attorney General, ex rel. Battishill,* v. *Township Board of Springwells,* 143 Mich. 523. All the provisions in the body of the act were germane to its title.

The judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.