WEBSTER *v.* ROTARY ELECTRIC STEEL COMPANY.

1. CONSTITUTIONAL LAW—CONSTRUCTION OF STATUTES.
   While the Supreme Court may not usurp the law-making function of the legislature, the proper construction of a statute is a judicial function and the Court is required to discover the legislative intent.

REFERENCES FOR POINTS IN HEADNOTES

[1–7] 50 Am. Jur., Statutes, § 217 *et seq.*
[8–10] 58 Am. Jur., Workmen's Compensation Acts, § 307.
[9–11] Change of status as regards relationship for dependents after injury affecting compensation. 73 A.L.R. 1016.

2. STATUTES—CONSTRUCTION WHERE MEANING DOUBTFUL.

Where the language of a statute is of doubtful meaning, a reasonable construction must be given, looking to the purpose subserved thereby.

3. SAME—PURPOSE—CONSTRUCTION.

The occasion and necessity of a statute are matters of judicial concern, and its purpose should be effected if possible.

4. SAME—CONSTRUCTION.

In construing a statute, its spirit and purpose should prevail over its strict letter, injustice in its application should be prevented and absurd consequences avoided.

5. SAME—CONSTRUCTION OF AMENDATORY ACTS.

Every part of an amendatory act should be given effect, if possible.

6. SAME—OTHER STATUTES RELATING TO SAME SUBJECT.

In construing a statute, resort may be had to other statutes relating to the same subject.

7. SAME—IN PARI MATERIA.

Statutes *in pari materia* should be construed together and the purpose of the legislature ascertained.

8. WORKMEN'S COMPENSATION—DEATH INJURY—GRADUATED PAYMENTS ACCORDING TO NUMBER OF DEPENDENTS—CONSTRUCTION OF STATUTES.

Provision of workmen's compensation act graduating the payments for fatal injury according to the number of dependents had the purpose of clearly reflecting in payments to dependents the principle of compensation (2 Comp. Laws 1929, § 8421, as amended by Act No. 245, Pub. Acts 1943).

9. SAME—GRADUATED PAYMENTS FOR FATAL INJURY—DIMINUTION OF NUMBER OF DEPENDENTS.

Under provision of workmen's compensation act graduating payments of compensation for fatal injury according to the number of dependents, there is no reason why a diminution at any time thereafter in a number of dependents should increase the total compensation to remaining dependents as such application would turn the purpose of the act into the imposition of a penalty upon employers (2 Comp. Laws 1929, § 8421, as amended by Act No. 245, Pub. Acts 1943).

10. SAME—REMARRIAGE OF MOTHER—COMPENSATION TO REMAINING DEPENDENT.

Where mother and child were awarded $21 per week workmen's compensation as dependents and mother remarried, child was thereafter entitled to not more than $19 per week (2 Comp. Laws 1929, § 8421, as amended by Act No. 245, Pub. Acts 1943).

11. SAME—DEDUCTION OF EXCESS PAYMENTS.

In the event a remaining dependent child has been paid more workmen's compensation than amount to which such dependent is entitled after dependent mother has remarried, such excess is to be deducted from future payments (2 Comp. Laws 1929, § 8421, as amended by Act No. 245, Pub. Acts 1943).

12. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES.

No costs are taxable in dependents' proceeding to recover workmen's compensation, where matter involved is one of public import and statutory construction (2 Comp. Laws 1929, § 8421, as amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted April 9, 1948. (Docket No. 52, Calendar No. 43,883.)   Decided June 14, 1948.

Mary M. Webster, widow of Donald W. Webster, presented her claim for compensation against Rotary Electric Steel Company, employer, and Michigan Mutual Liability Company, insurer.   Dispute having arisen over amount of payments due to minor child after remarriage of plaintiff, a hearing was held for purpose of setting amount of compensation. Defendant appeals from award.   Remanded for entry of award in lesser amount.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

BUSHNELL, C. J.   Plaintiff's decedent, Donald W. Webster, died on the day following an injury suffered while in the employ of defendant Rotary Electric Steel Company.   At the time of his death, February 12, 1945, he had two dependents, his wife,

Mary M. Webster, and an infant daughter, Connie Mae Webster, then 18 months old. There being no dispute concerning the dependents' right to compensation, payments of $21 per week were begun in accordance with section 5, part 2, of the workmen's compensation act (2 Comp. Laws 1929, § 8421, as amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8421, Stat. Ann 1947 Cum. Supp. § 17.155]).

Decedent's widow remarried on November 26, 1945, and, under the provisions of subparagraph (c) of section 6 of part 2 of the workmen's compensation act (2 Comp. Laws 1929, § 8422 [Stat. Ann. § 17.-156]), her right to compensation ceased. A dispute having arisen as to whether the proper rate of compensation to the minor dependent should be $19 or $21 per week, the commission ordered a hearing and the deputy commissioner awarded her $21 per week.

On appeal the compensation commission held:

"There is no provision in the statute for a comparable reduction of compensation in the event of the remarriage of a dependent wife where there are other total dependents entitled to compensation as such. On the contrary, subsection (c) of section 6 of part 2 of the workmen's compensation act provides that in the event of the remarriage of a dependent wife that her compensation shall be payable 'to the person or persons either wholly or partially dependent upon deceased for support at his death as provided in clause (b) of this section.' It, therefore, appears that the compensation payable to the dependent wife is now payable to the minor child, Connie Mae Webster. The award of the deputy commissioner providing for the payment of compensation to such minor child at the rate of $21 per week is, therefore, affirmed."

Prior to 1943, section 5 of part 2 of the workmen's compensation act provided for the payment of a fixed

amount, regardless of the number of dependents, of not more than $18 per week nor less that $7 per week for a period of 300 weeks from the date of the injury. This section was amended by Act No. 245, Pub. Acts 1943, to provide compensation for dependents "for a period of 400 weeks from the date of the death, the weekly payment not to exceed, however, $19.00 for one dependent; $21.00 for two dependents; $23.00 for three dependents; $25.00 for four dependents; and $27.00 for five or more dependents, nor to be less than $8.00 for one dependent; $10.00 for two dependents; $12.00 for three dependents; $14.00 for four dependents; and $16.00 for five or more dependents."

No change was made in section 6 of part 2 of the act, which continued to read in part as follows:

"(b)    *  *  *  In all cases mentioned in this section the total sum due the surviving wife or husband and her or his own child or children shall be paid directly to the surviving wife or husband for her or his own use, and for the use and benefit of her or his own child or children;  *  *  *

"(c)   Upon the remarriage of a dependent wife receiving compensation as such, compensation payments to such wife shall cease, and such compensation, if any, shall be payable to the person or persons either wholly or partially dependent upon deceased for support at his death as provided in clause (b) of this section."

The question presented is purely one of statutory construction and is a matter of first impression since the 1943 amendment.

The commission construed the intent of the legislature to be that upon a decrease in the number of dependents the payment to those remaining shall in total be the same as the payments that were made before such decrease.

Although we may not usurp the law-making function of the legislature, the proper construction of a statute is a judicial function, *Albert* v. *Gibson,* 141 Mich. 698, and we are required to discover the legislative intent, *People* v. *Marxhausen,* 204 Mich. 559 (3 A.L.R. 1505); *Miles, ex rel. Kamferbeek* v. *Fortney,* 223 Mich. 552; *Gwitt* v. *Foss,* 230 Mich. 8; and *People* v. *Gould,* 237 Mich. 156.

Where, however, the language is of doubtful meaning, a reasonable construction must be given, looking to the purpose subserved thereby. *Attorney General* v. *Bank of Michigan,* Harr. Ch. (Mich.) 315; *Bennett* v. *Michigan Pulpwood Co.,* 181 Mich. 33. Its occasion and necessity are matters of judicial concern, *Sibley* v. *Smith,* 2 Mich. 487, and *Bennett* v. *Michigan Pulpwood Co., supra,* and its purpose should be effected if possible, *People* v. *Stickle,* 156 Mich. 557. Its spirit and purpose should prevail over its strict letter, *Stambaugh Township* v. *Iron County Treasurer,* 153 Mich. 104. Injustice in its application should be prevented, *Attorney General, ex rel. Common Council of the City of Detroit,* v. *Marx,* 203 Mich. 331, and absurd consequences avoided, *Attorney General* v. *Railway,* 210 Mich. 227.

In this instance it is particularly important to construe the amended section with other applicable sections. See *People* v. *Railway Co.,* 228 Mich 596. Every part of the amendatory act should be given effect, if possible. *Attorney General, ex rel. McKay,* v. *Detroit & Erin Plank Road Co.,* 2 Mich. 139; *People* v. *Burns,* 5 Mich. 114; *City of Grand Rapids* v. *Crocker,* 219 Mich. 178. Resort may be had to other statutes relating to the same subject. *Miles, ex rel. Kamferbeek,* v. *Fortney, supra; In re Kreiner,* 156 Mich. 296. Statutes *in pari materia* should be construed together, *Board of Control of the Michigan State Prison* v. *Auditor General,* 197 Mich. 377, and the purpose of the legislature ascertained, *C. N.*

*Ray Corporation* v. *Secretary of State,* 241 Mich. 457.

We do not agree with the interpretation placed upon the amendment by the commission. Its purpose was to more clearly reflect in payments to dependents the principle of compensation; and in order to have the act achieve this purpose and lighten the burdens of industrial misfortunes, the amount of payments to dependents was controlled by the number of dependents. There is no reason why a diminution at any time thereafter in a number of dependents should increase the total compensation to remaining dependents. Such application would turn the purpose of the act into the imposition of a penalty upon employers. So applied in this instance, after the remarriage of her mother the infant dependent would receive more than the mother could have received had she been the sole dependent.

The order of the commission is vacated and the cause is remanded, with instructions to enter an order awarding plaintiff Connie Mae Webster compensation at the rate of $19 per week after the date of the remarriage of her mother. It is further ordered, that any amount in excess of $19 per week, if paid to this minor dependent since the remarriage of her mother, shall be deducted from future payments. A matter of public import and statutory construction being involved, no costs will be taxed.

SHARPE, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.