STANLEY v HINCHLIFFE & KENNER

Docket No. 56033. Argued March 5, 1975 (Calendar No. 12).—Decided
January 27, 1976. Rehearing denied 396 Mich 976.

Plaintiff John Stanley was employed as an asbestos worker by
various employers for approximately 25 years in California and
several other states including Michigan, in which he worked for
five years. Stanley's work exposed him to excessive dust and in
1966 he first experienced symptoms of shortness of breath and
chest pains. In 1967 the plaintiff was laid off in California and
found work in Michigan installing blanket insulation on the
walls of a boiler at the Trenton powerhouse for Combustion
Engineering which resulted in his exposure to fiberglass dust.
Defendant Hinchliffe & Kenner employed the plaintiff to con-
tinue work on the project from around January 1, 1968 until
May 14, 1968 when he left the job because his symptoms had
continued to worsen. Stanley returned to California where he
was awarded workmen's compensation benefits from multiple
California employers for his pulmonary disorder. He then filed
a claim for workmen's compensation in Michigan for the same
disorder and named Hinchliffe & Kenner as his only liable
Michigan employer. The Michigan Workmen's Compensation
Appeal Board found that Hinchliffe was liable but decided that
Hinchliffe and its insurance carrier, Maryland Casualty Insur-
ance Company, were not entitled to credit for the plaintiff's net
recovery from the California award. The Court of Appeals,
Quinn, P. J., and McGregor and Carland, JJ., denied leave to
appeal to Hinchliffe and Maryland (Docket No. 19863). Defend-
ants Hinchliffe and Maryland appeal (defendant Silicosis and
Dust Disease Fund did not participate in this appeal). *Held:*

1. A workmen's compensation recovery in one state in most
instances will not act as an absolute bar to a recovery in a
second state, at least in terms of the applicability of the full
faith and credit clause of the United States Constitution (US
Const, art IV, § 1).

2. There is no unmistakable language in the California

REFERENCE FOR POINTS IN HEADNOTES
[1–6] 58 Am Jur, Workmen's Compensation § 484 *et seq.*

Workmen's Compensation Act which cuts off an employee's right to sue under other legislation, including the Michigan statute.

3. Credit should be given to defendants for the prior California award. Double recovery for the same condition is repugnant to the very principles of workmen's compensation: to preclude credits would allow claimants who suffer from an occupational disease to receive windfalls not intended by the act simply because they had spent some of their employment career out of this state.

4. The evidence supported a finding that Hinchliffe & Kenner was liable, as the employer who last employed Stanley in the employment to the nature of which the disease was due and in which it was contracted. (MCL 418.435; MSA 17.237[435]).

Reversed and remanded for determination of the amount of the credit.

1. WORKMEN'S COMPENSATION—FULL FAITH AND CREDIT—MULTIPLE AWARDS.

A workmen's compensation recovery in one state in most instances will not act as an absolute bar to recovery in a second state for the same injury, at least in terms of the applicability of the full faith and credit clause (US Const, art IV, § 1).

2. WORKMEN'S COMPENSATION—FULL FAITH AND CREDIT—MULTIPLE AWARDS—STATUTES.

The right of an employee who has recovered a workmen's compensation award in one state to proceed in a second state for workmen's compensation benefits arising out of the same injury will not be precluded unless the first state's workmen's compensation act in unmistakable language bars the employee from bringing an action in another state.

3. WORKMEN'S COMPENSATION—CREDIT FOR PRIOR AWARDS.

A Michigan employer who is liable for workmen's compensation to an employee is entitled to credit for a workmen's compensation award the employee previously recovered in another state from other employers for the same injury.

4. WORKMEN'S COMPENSATION—MULTIPLE RECOVERY—LEGISLATIVE PURPOSE.

Double recovery for the same injury is contrary to the fundamental principles of workmen's compensation; the purpose of the compensation acts is to provide a method by which an employee receives compensation for his injuries promptly and without delay of legal procedure and not to give an employer

credit for payments made to an employee for the same injury under the law of a foreign state having jurisdiction would defeat this purpose.

5 WORKMEN'S COMPENSATION—CREDIT FOR PRIOR AWARDS—FOREIGN AWARDS.

A provision of the Workmen's Compensation Act which prohibits consideration of benefits derived from other sources in fixing workmen's compensation awards does not preclude allowance of credit to the employer for prior awards made to an employee for the same injury under the workmen's compensation acts of other states; the intention that the provision apply to foreign workmen's compensation awards is ambiguous at best, and to preclude credit would allow claimants to receive windfalls not contemplated by the act (MCL 418.811; MSA 17.237[811]).

6. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASES—LAST EMPLOYER.

An employee in order to recover workmen's compensation for a disability resulting from an occupational disease need not prove that work for his last employer was the primary cause of his disability, but the compensation for an occupational disease is recoverable from his last employer in the employment to the nature of which the disease was due and in which it was contracted (MCL 418.435; MSA 17.237[435]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Roger G. Will)* for plaintiff.

*LeVasseur, Werner, Mitseff & Brown* (by *Grahame G. Capp)* for defendants Hinchliffe & Kenner and Maryland Casualty Insurance Company.

WILLIAMS, J. This appeal, taken from a split decision of the Michigan Workmen's Compensation Appeal Board, concerns the effect of a workmen's compensation disability award made under the workmen's compensation laws of the State of California upon plaintiff's claim for compensation for the same injury filed under Michigan's Workmen's Compensation Act.[1]

---

[1] MCLA 418.101 *et seq.;* MSA 17.237(101) *et seq.*

Specifically we must decide 1) whether under the full faith and credit clause of the United States Constitution,[2] a California compensation award acts as a bar to recovery in a Michigan proceeding involving the same injury, and if it is not, 2) whether the California award must be credited against any recovery received in Michigan.

Independent of any considerations concerning the impact of the California award, defendants ask this Court to reverse the finding of liability by the hearing examiner and the appeal board on the basis that the record is devoid of competent evidence to establish that plaintiff is disabled as a result of his employment with defendant Hinchliffe & Kenner.

## I—FACTS

John Stanley, plaintiff-appellee, was born in Manchester, England, on December 17, 1906 and came to this country in 1923. He married and worked at various jobs in Michigan before moving his family to California in 1943 where he found employment as an asbestos worker. After a two-year apprenticeship, he received his journeyman's card and remained in the asbestos field for the next 25 years. Plaintiff's line of work exposed him to excessive quantities of dust. A member of a local union, he was sent out of state to work wherever men were needed. He worked in New Mexico, Arizona, Texas, New Jersey, and also in Michigan where he spent approximately five of those 25 years.

---

[2] The full faith and credit clause reads in its entirety:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." US Const, art IV, § 1.

In January, 1967 he was laid off from work in California and he came to Michigan seeking employment. In August of that year plaintiff began working at the Trenton powerhouse for Combustion Engineering. Plaintiff had the task of installing insulation blankets on the walls of a boiler and this resulted in his exposure to fiberglass dust. Around January 1, 1968 plaintiff was employed by Hinchliffe & Kenner, defendant-appellant,[3] to do the same work on the project. He remained in defendant's employ until May 14, 1968 when he left his job because of a shortness of breath and chest pains. Plaintiff first experienced these symptoms in 1966 and his condition apparently had continued to worsen.

Upon returning to California, plaintiff in June, 1968 filed a claim for workmen's compensation benefits under California law. He indicated that he had been employed as an asbestos worker by various employers during the period March, 1943 to May 14, 1968, and claimed to have developed a pulmonary disorder as a result of exposure to asbestos dust. On June 19, 1969, the California Workmen's Compensation Appeal Board issued an order approving a compromise and release of the claim. An award of $10,045.48 was made by multiple California employers. After deducting attorneys' fees, costs, charges by two doctors and satisfaction of a lien of the Department of Employment, plaintiff netted $8,125.23.

On July 22, 1969 plaintiff filed for workmen's compensation benefits in Michigan for the same injury for which he had previously received an award in California. Hinchliffe & Kenner, being plaintiff's only Michigan employer during the last

[3] The Maryland Casualty Insurance Company is the other named defendant in this action.

ten years who had employed him for a period of six months, was the sole employer named as a defendant. The hearing referee found plaintiff disabled as a result of an injury arising out of and in the course of his employment with defendant. He also ruled that no credit could be given for the California award.

While all members of the appeal board concurred on the issue of defendant's liability they split on the question of crediting the California award. Three members felt no authority existed for ordering credits while two members would have required credit for the California award. The Court of Appeals denied defendant's application for leave to appeal. We granted leave on August 23, 1974. 392 Mich 789.

## II—PRIOR AWARD DOES NOT BAR RECOVERY IN SECOND STATE

Defendants argue that under the full faith and credit clause of the United States Constitution plaintiff's prior receipt of a compensation award is a bar to recovery in a Michigan proceeding concerning the same injury[4] and cite the case of *Magnolia Petroleum Co v Hunt,* 320 US 430; 64 S Ct 208; 88 L Ed 149 (1943), as authority. The impact of a compensation award received in one state upon a proceeding for compensation in a second state was in the past the subject of extensive debate among both jurists and legal analysts. However, the issue, at least in terms of the applicability of the full faith and credit clause, appears

---

[4] There is no question regarding the fact that the same injury was the basis of both the California and Michigan claims. In both proceedings plaintiff recovered for a disability resulting from a pulmonary disorder. In filing his claim in California plaintiff listed his last day worked as May 14, 1968—the last day he worked for defendants in Michigan.

to be settled and today a workmen's compensation recovery in one state in most instances will not act as an absolute bar to a recovery in a second state.

*A. Background*[5]

The law prior to *Magnolia Petroleum Co v Hunt, supra,* was that a recovery in one state was not a bar to recovery in a second state. Goodrich, Conflict of Laws (3d ed), p 287. However, in 1943 the United States Supreme Court in a five-to-four decision ruled that a worker who had received a compensation award in Texas was precluded by the full faith and credit clause from seeking a remedy in Louisiana. *Magnolia, supra,* 443.

The decision received widespread criticism in legal periodicals[6] and efforts were made by other courts to distinguish the *Magnolia* decision.[7]

Just five years after its decision in *Magnolia,* the United States Supreme Court dramatically altered its position and in *Industrial Commission of Wisconsin v McCartin,* 330 US 622; 67 S Ct 886; 91 L Ed 1140 (1947), unanimously ruled that an Illinois

---

[5] A more detailed examination of the applicability of the full faith and credit clause on compensation recoveries may be found in Justice BUTZEL's concurring opinion in *Cline v Byrne Doors, Inc,* 324 Mich 540, 554; 37 NW2d 630 (1949).

[6] *See e.g.,* Cheatham, *Res Judicata and the Full Faith and Credit Clause: Magnolia Petroleum Co v Hunt,* 44 Colum L Rev 330 (1944); Comment, *Chief Justice Stone and the Conflict of Laws,* 59 Harv L Rev 1210 (1946); Wolkin, *Workmen's Compensation Award—Commonplace or Anomaly in Full Faith and Credit Pattern?,* 92 U of Pa L Rev 401 (1944); Note, *Workmen's Compensation Award Held Res Judicata as to Second Recovery in Another State,* 19 Ind L J 268 (1943).

[7] In *Cline v Byrne Doors, Inc,* 324 Mich 540, 550–551; 37 NW2d 630 (1949) this Court avoided the harsh holding of *Magnolia* by finding that the amounts received in the foreign jurisdiction were the results of voluntary payments and thus no prior award was involved. Other cases distinguishing *Magnolia* include: *Loudenslager v Gorum,* 355 Mo 181; 195 SW2d 498, 500 (1946); *Spietz v Industrial Commission,* 251 Wis 168; 28 NW2d 354 (1947); *Industrial Indemnity Exchange v Industrial Accident Commission,* 80 Cal App 2d 480; 182 P2d 309, 312 (1947).

resident injured in Wisconsin who had previously recovered compensation in Illinois was not precluded from maintaining an action in Wisconsin for workmen's compensation. The Court suggested that the Illinois award had a different effect from the Texas award in the *Magnolia* case. The Court indicated that while the Illinois Workmen's Compensation Act had been interpreted as precluding rights of action against the employer under Illinois common law or under the Illinois Personal Injury Act (Ill Rev Stat 1943, ch 70, §§ 1, 2), it was not intended to preclude compensation actions in other states arising out of the same injury.

The Supreme Court in *McCartin* stated:

"there is nothing in the statute or in the decisions thereunder to indicate that it is completely exclusive, that it is designed to preclude any recovery by proceedings brought in another state for injuries received there in the course of an Illinois employment. *Cf. Bradford Elec Co v Clapper, supra* [286 US 145; 52 S Ct 571; 76 L Ed 1026 (1932)]; *Cole v Industrial Commission,* 353 Ill 415; 187 NE 520 [1933]. And in light of the rule that workmen's compensation laws are to be liberally construed in furtherance of the purpose for which they were enacted, *Baltimore & Phila Steamboat Co v Norton,* 284 US 408, 414 [52 S Ct 187; 76 L Ed 366 (1932)], we should not readily interpret such a statute so as to cut off an employee's right to sue under other legislation passed for his benefit. Only some unmistakable language by a state legislature or judiciary would warrant our accepting such a construction. Especially is this true where the rights affected are those arising under legislation of another state and where the full faith and credit provision of the United States Constitution is brought into play. See *Ohio v Chattanooga Boiler Co,* 289 US 439 [53 S Ct 663; 77 L Ed 1307 (1933)]." *supra,* 627–628.

It is now widely accepted that *McCartin* severely

limited, if not overruled, *Magnolia,* by holding that an employee's right to proceed in a second state will not be precluded unless the first state's workmen's compensation act in "unmistakable language" bars the employee from bringing an action in another state.[8]

## B. Effect of California Award

Plaintiff's compromise and release in California was approved by that state's Workmen's Compensation Appeal Board. In California this type of settlement when approved by the appeal board has the force and effect of an award made after a full hearing. See *Johnson v Workmen's Compensation Appeals Board,* 2 Cal 3d 964; 88 Cal Rptr 202; 471 P2d 1002, 1007 (1970). Thus in this case we are dealing with an "award" and not the type of voluntary payment found in *Cline v Byrne Doors, Inc,* 324 Mich 540; 37 NW2d 630 (1949), where this Court found the full faith and credit clause was inapplicable.

The question then becomes whether there is "unmistakable language" in the California Workmen's Compensation Act which "cut[s] off an employee's right to sue under other legislation passed for his benefit". *McCartin, supra,* 628. The parties do not direct this Court to any such language nor has our independent inquiry revealed such a spe-

---

[8] *See Cook v Minneapolis Bridge Construction Co,* 231 Minn 433; 43 NW2d 792, 794–797 (1950); *Cramer v State Concrete Corp,* 39 NJ 507; 189 A2d 213, 215 (1963); *Lavoie's Case,* 334 Mass 403; 135 NE2d 750, 753–754 (1956), *cert den, sub nom Phoenix Indemnity Co v Lavoie,* 352 US 927; 77 S Ct 224; 1 L Ed 2d 162 (1956). *See also* Reese & Johnson, *The Scope of Full Faith and Credit to Judgments,* 49 Colum L Rev 153 (1949); Comment, *Workmen's Compensation—Full Faith and Credit—Previous award held no bar to subsequent award in another state,* 33 Cornell L Q 310 (1947).

cific restriction.[9] Thus in accordance with the rule laid down in *Industrial Commission of Wisconsin v McCartin, supra,* we find that plaintiff's award in California does not act as a bar under the full faith and credit clause to proceedings in this state for workmen's compensation benefits arising out of the same injury.

This result is consistent with the result reached by this Court in *Schenkel v Tower Builders Co, Inc,* 380 Mich 492; 157 NW2d 204 (1968).

### III—AWARD IN FIRST STATE SHOULD BE CREDITED

Having determined that the California award does not act as a bar to proceedings in Michigan, the question remains whether the California award must be credited against the award received under the Michigan Workmen's Compensation Act.[10] We conclude that credit should be given for the California award.

In other jurisdictions it has been the rule both

[9] Section 3601 of the California Workmen's Compensation Act provided in pertinent part:

"(a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in Section 3706, the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, except that an employee, or his dependents in the event of his death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against such other employee, as if this division did not apply, in the following cases: (1) When the injury or death is proximately caused by the willful and unprovoked physical act of aggression of such other employee; (2) When the injury or death is proximately caused by the intoxication of such other employee; (3) When the injury or death is proximately caused by an act of such other employee which evinces a reckless disregard for the safety of the employee injured, and a calculated and conscious willingness to permit injury or death to such employee."

We do not believe the language contained in § 3601 to be "unmistakable language" barring subsequent proceedings in other states as is required by *McCartin.*

[10] MCLA 418.101; MSA 17.237(101).

before *Magnolia*[11] and after *McCartin*[12] that the amount of the award made in the first state should be subtracted from the award made in the second state.[13]

While other jurisdictions have resolved this issue by requiring that credit for prior awards be given, Michigan cases have left the question of the law in this state somewhat in doubt. In *Cline v Byrne Doors, Inc,* 324 Mich 540; 37 NW2d 630 (1949), a majority of the Court chose not to deal with the issue of credits but Justice BUTZEL in his concurrence made a compelling argument for requiring credit for the prior award. In *Schenkel v Tower Builders Co, Inc,* 380 Mich 492, 494; 157 NW2d 204 (1968), the Court made reference to the

[11] *See McLaughlin's Case,* 274 Mass 217; 174 NE 338 (1931); *Salvation Army v Industrial Commission,* 219 Wis 343; 263 NW 349 (1935); *Hughey v Ware,* 34 NM 29; 276 P 27 (1929).

[12] *Cook v Minneapolis Bridge Construction Co, supra; Cramer v State Concrete Corp, supra; Lavoie's Case, supra. See* 3 Larson's Workmen's Compensation, § 85.40.

[13] Exceptions to the general rule have been recognized in which full recoveries in both states have been permitted. When an employee performing services simultaneously for two employers located in different states is injured or killed, full recoveries in both states have been upheld. *See* 3 Larson's Workmen's Compensation, § 85.70, p 381. A justification for a dual recovery in this situation was offered in *McGehee Hatchery Co v Gunter,* 234 Ark 113; 350 SW2d 608, 610 (1961):

"In the case at bar Gunter received a salary from his Mississippi employer and another salary from his Arkansas employer. If he was injured in the course of his employment for both concerns we think it clear that he has sustained two distinct wage losses during his disability. That he may have received weekly payments under Mississippi law, amounting to a percentage of his Mississippi salary, is not a sound reason for denying weekly payments under Arkansas law to compensate the loss of his Arkansas salary. Ark Stats 1947, § 81-1313."

Thus, in those situations where each employer is independently and simultaneously paying for his services, an employee or his dependents is entitled to an award based upon each salary.

We believe there is validity for such an exception in the case of simultaneous employment. However, the plaintiff in this case does not fall within this exception. He sought recoveries in different states against successive, not simultaneous employers.

fact that appeal board below had stipulated "that the defendant is to receive credit for weekly benefits heretofore paid under the Indiana workmen's compensation act". Since the Court did not disturb this order of the appeal board, it is some indication that the Court felt credits for prior awards were appropriate.

Despite the trend in other jurisdictions requiring credits and the apparent acceptance of such practice in this state, plaintiff argues that § 811 of the Workmen's Compensation Act[14] prohibits giving any credit for prior awards from foreign jurisdictions. Section 811 provides:

"No savings or insurance of the injured employee, nor any contribution made by him to any benefit fund or protective association independent of this act, shall be taken into consideration in determining the compensation to be paid hereunder nor shall benefits derived from any other source than those paid or caused to be paid by the employer as provided in this act, be considered in fixing the compensation under this act, except as provided in section 161 and section 359."

While this section could be read as precluding the giving of any credit for prior workmen's compensation awards from foreign jurisdictions (a conclusion reached by a majority of the appeal board), we do not believe this is the only interpretation which may or must be given this section.

Section 811 concerns savings, health insurance, and various benefit fund programs which might supplement the workmen's compensation award. This section does not address itself specifically to the question of the effect of workmen's compensation awards made by other jurisdictions. Whether

14 MCLA 418.811; MSA 17.237(811):

§ 811 was intended to apply to such foreign workmen's compensation awards is ambiguous at best.

Where the meaning of the statute is doubtful:

"a reasonable construction must be given, looking to the purpose subserved thereby. *Attorney General v Bank of Michigan,* Harr Ch (Mich) 315; *Bennett v Michigan Pulpwood Co,* 181 Mich 33 [147 NW 490 (1914)]. Its occasion and necessity are matters of judicial concern, *Sibley v Smith,* 2 Mich 486 [1853], and *Bennett v Michigan Pulpwood Co, supra,* and its purpose should be effected if possible, *People v Stickle,* 156 Mich 557 [121 NW 497 (1909)]. Its spirit and purpose should prevail over its strict letter, *Stambaugh Township v Iron County Treasurer,* 153 Mich 104 [116 NW 569 (1908)]. Injustice in its application should be prevented, *Attorney General, ex rel Common Council of the City of Detroit v Marx,* 203 Mich 331 [168 NW 1005 (1918)], and absurd consequences avoided, *Attorney General v Railway,* 210 Mich 227 [177 NW 726 (1920)]." *Webster v Rotary Electric Steel Co,* 321 Mich 526, 531; 33 NW2d 69 (1948).

See also *People v McFarlin,* 389 Mich 557, 563; 208 NW2d 504 (1973).

Double recovery is repugnant to the very principles of workmen's compensation.[15] Justice BUTZEL said in his concurring opinion in *Cline, supra,* 558:

"The purpose of the compensation acts is to provide a method by which an injured employee receives compensation for his injuries promptly and without delay of legal procedure. Not to give credit for payments made

[15] "To allow double recovery is contrary to one of the fundamental principles of workmen's compensation, in that if the employee were to receive more compensation while disabled than while working, the temptation to malinger and prolong his period of disability would be unwisely increased. In addition this would be penalizing the employer for his industry in extending his business to other states, not to mention questions of interstate comity or res adjudicata." 1 Schneider, Workmen's Compensation, § 160, p 470.

under the law of a foreign State having jurisdiction as here would defeat this purpose."

Plaintiff, during his many years of employment, worked not only in Michigan and California but in Texas, New Mexico, New Jersey and Arizona as well. We do not know whether plaintiff is eligible for benefits in any or all of these states, but under plaintiff's interpretation of § 811 a recovery in one or all of these remaining states could not be taken into consideration in computing plaintiff's Michigan award.

To preclude credits would allow claimants to receive windfalls not intended by the act. It would have the effect of allowing some workers to receive more compensation than their fellow employees who suffer from the same occupational disease simply because they had spent some of their employment career out of this state.

It goes beyond the ridiculous to suggest that the Legislature would intend a result which is so contrary to the fundamental principles of workmen's compensation. What's more the Legislature elsewhere in the act provides for the apportionment of liability among a claimant's former employers, thus preventing double recoveries for occupational diseases such as plaintiff has suffered which develop over a period of time and cannot always be traced to one employment experience. Section 435[16] sets forth this system of apportionment for compensation liability which, but for the fact that jurisdiction cannot be obtained over plaintiff's foreign employers, would be applicable in this case.

Where we can we will avoid unjust and absurd results. We do not read § 811 as precluding the

---

[16] MCLA 418.435; MSA 17.237(435).

allowance of credits for prior awards made under the foreign workmen's compensation acts of other states. Such crediting is necessary to avoid injustice and to remain consistent with the principles of workmen's compensation. We follow the lead established by other jurisdictions and find that credits for prior awards must be given.

## IV—DEFENDANTS' LIABILITY

Independent of any argument concerning the effect of the California award upon the Michigan proceedings, defendants maintain that the record is devoid of competent evidence to establish that plaintiff is disabled as a result of his employment with defendant Hinchliffe & Kenner. On redirect examination, Dr. Ira Avrin testified as follows:

"*Q.* Based on the knowledge that you have of Mr. Stanley from your physical examination, your history taking, and the hypothetical as proposed to you today do you have an opinion as to whether or not in Mr. Stanley's case his last exposure at Hinchliffe & Kenner played a significant role in his present disability?

"*A.* I am of the opinion it played a significant role. I think that tunnel work, or construction work, in a confined area even with forced ventilation it is difficult to perform in such a manner as to eliminate the hazard of inhalation entirely, or significantly, and I feel that that exposure was incurred in an individual who already had tissues that had been subjected to injury by previous exposure."

Also, it must be remembered that plaintiff, in order to recover for disability resulting from his occupational disease need not prove that work for his last employer was "the primary and principal cause of his symptoms and disabilities. The act specifically defines a much different basis for the

determination of employer liability." *Smith v Lawrence Baking Co,* 370 Mich 169, 175; 121 NW2d 684 (1963). Section 435 of the Workmen's Compensation Act provides pertinently:

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted."

The hearing referee and all members of the appeal board agreed that the evidence supported a finding that defendant was liable. We see no reason to disturb the conclusions reached below on this point.

## V—CONCLUSION

We find that the full faith and credit clause does not bar a proceeding in Michigan for the same injury for which an award in California has been obtained. However, a credit must be given for the award—the exact dollar amount to be determined by the appeal board on remand. Finally, we conclude that evidence does exist in the record to support a finding of liability against the defendant.

The decision of the appeal board is reversed and the matter is remanded to the board for further disposition not inconsistent with decision in this case.

No costs, a public question being involved.

KAVANAGH, C. J., and LEVIN, COLEMAN, and FITZGERALD, JJ., concurred with WILLIAMS, J.

LINDEMER and RYAN, JJ., took no part in the decision of this case.