GARDNER v PROMPT FOODS CORPORATION

Docket No. 56301. Submitted March 16, 1982, at Detroit.—Decided May 20, 1982. Leave to appeal applied for.

Douglas J. Gardner, a Michigan resident, was killed in an automobile accident in Michigan during the course of his employment with Prompt Foods Corporation, an Ohio corporation doing business in Michigan. Gardner's second wife, Karen W. Gardner, and the two minor children of his first marriage, Martie L. Gardner and Danielle Gardner, sought and were awarded workers' compensation benefits in Ohio, the award being $43 per week for each of the children and $100 per week for Karen W. Gardner. Gardner's first wife, Kathleen Calleja, filed a petition for workers' compensation death benefits in Michigan on behalf of the two children. The administrative law judge awarded the children benefits of $120 per week but reduced that award by $86 per week, the amount awarded to the minor children in Ohio. The Workers' Compensation Appeal Board held that the Michigan award should be reduced by the entire Ohio award of $186 per week, which would result in no Michigan benefits to be paid. Plaintiffs appeal by leave granted. *Held:*

The purpose of reducing Michigan benefits by the benefits paid in another jurisdiction is to insure that claimants receive no greater benefits than they are entitled to under Michigan law. Reduction of the children's Michigan award of $120 per week by the $86 per week they were awarded in Ohio accomplishes that end. The administrative law judge's determination was correct and should be reinstated.

Reversed.

1. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL BOARD — APPEAL.

Factual decisions by the Workers' Compensation Appeal Board are conclusive in the absence of fraud and if supported by any

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 552, 630.
[2] 81 Am Jur 2d, Workmen's Compensation § 213.
   82 Am Jur 2d, Workmen's Compensation § 592.

competent evidence; however, the Court of Appeals may determine whether the appeal board applied the correct legal standard to the facts before it (Const 1963, art 6, § 1; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — MULTIPLE AWARDS — CREDIT FOR PRIOR AWARDS.

A Michigan award of workers' compensation death benefits to the dependent children of the deceased employee should be reduced by the amount of an award of similar benefits to the same dependents in another jurisdiction; the Michigan award should not be reduced by the total award in the other jurisdiction where that other jurisdiction's award includes benefits to claimants other than those claimants seeking a Michigan award.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Granner S. Ries*), for plaintiff.

*Rosenbaum, Bloom, Apel & Moses* (by *Lawrence A. Meyerson*), for defendant.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and N. J. LAMBROS,* JJ.

V. J. BRENNAN, J. Plaintiffs appeal by leave granted an order of the Workers' Compensation Appeal Board (appeal board) reversing an award of benefits by the administrative law judge.

The stipulated facts are that Douglas J. Gardner, an employee of the defendant, an Ohio corporation doing business in Michigan, was killed in an automobile accident in Michigan on August 17, 1976. He was a resident of Ypsilanti, Michigan. The accident arose out of and in the course of Gardner's employment. On April 25, 1977, Gardner's second wife, Karen W. Gardner, and Gardner's two minor children from his first marriage obtained a combined award of $186 per week from the Bureau of Workers' Compensation of the State

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of Ohio. On June 23, 1978, that award was modified to provide that each minor child would receive $43 per week and Karen W. Gardner would receive $100 per week.

On November 15, 1976, plaintiff Kathleen Calleja, Gardner's first wife and the mother of the two minor children, filed a petition with the Bureau of Workers' Disability Compensation for the State of Michigan seeking benefits for the two minor children. Karen W. Gardner was not a party to this proceeding. After a hearing, the administrative law judge awarded the minor children $120 per week in benefits. He also reduced that award by $86 per week, the amount awarded to the minor children in Ohio.

The appeal board reversed the administrative law judge's decision, finding that *Stanley v Hinchliffe & Kenner,* 395 Mich 645; 238 NW2d 13 (1976), required the Michigan award to be reduced by the entire Ohio award of $186. Thus, the appeal board concluded that plaintiffs were entitled to no benefits.

On appeal, plaintiffs contend that the appeal board misapplied the law as stated in *Stanley v Hinchliffe & Kenner, supra.* Factual decisions by the appeal board are conclusive in the absence of fraud and if supported by any competent evidence. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861). However, this Court may determine whether the appeal board applied the correct legal standard to the facts before it. MCL 418.861; MSA 17.237(861), *Schoolenberg v Meijer, Inc,* 107 Mich App 363, 366; 309 NW2d 548 (1978).

Plaintiffs contend that *Stanley* requires this Court to reduce the Michigan award only by the amount the minor children received in Ohio. Defendant argues, and the appeal board interpreted,

that *Stanley* requires this Court to look to the total amount of benefits which an employer is required to pay in a foreign state, regardless of the number of recipients of that award.

Two issues were presented to the Supreme Court in *Stanley*. The first was whether, under the Full Faith and Credit Clause of the United States Constitution, a compensation award from another state would act as a bar to recovery in a Michigan proceeding involving the same injury. Both parties concede in the instant case that plaintiffs were not so barred.

The second issue was whether the foreign state's award must be credited against any recovery received in Michigan. Again, both parties concede that some credit is required. The dispute in the instant case centers upon the amount.

In *Stanley,* the plaintiff worked for several asbestos firms in California and Michigan over a period of 25 years. The defendant was located in Michigan. The plaintiff sought workers' compensation benefits against several employers in California alleging that his work caused a pulmonary disorder. A settlement was arrived at with the California employers, and the California appeals board issued an order approving the compromise and release. The plaintiff subsequently sought benefits from the defendant in Michigan for the same injury. The administrative law judge awarded benefits to the plaintiff and ruled that no credit could be given for the California award. The appeal board, in a three to two decision, felt that no authority existed for ordering credits. This Court denied leave to appeal. The Supreme Court held that plaintiff's Michigan award must be reduced by the amount of the California award.

In the instant case, defendant and the appeal

board apparently relied upon that language in the Supreme Court's opinion stating that the amount of the "award" in the first state should be subtracted from the award made in Michigan. *Stanley, supra,* 654-655. Thus, defendant argues, and the appeal board found, that since the "award" in Ohio was for $186 per week it is this figure which must be subtracted from any Michigan award.

We find that defendant's and the appeal board's reliance on the holding in *Stanley* ignores what appears to be the case's underlying rationale. In *Stanley,* the only claimant was the injured employee, and only one award was made in each state. Thus, the Court was required to go no further than to state that the "award" in the first state was to be subtracted from that in Michigan. It appears, however, that the Court's concern in *Stanley* was that the recipient may receive more benefits than he or she is entitled to under either state statute. The Court stated that claimants are not allowed to receive windfalls. *Stanley, supra,* 658.

In the instant case, there are two claimants and each is entitled to an award of death benefits. Death benefits are payable to the dependents of the decedent and each minor child is a dependent. MCL 418.331; MSA 17.237(331). We interpret *Stanley* as requiring that the award to each claimant be reduced by the amount of the award made to that claimant in Ohio. Therefore, we find that the administrative law judge was correct in reducing plaintiffs' benefits only by the amount which they received in Ohio and not by the additional amount which the decedent's wife also received. The two minor children will receive no greater benefits than they would be entitled to under Michigan law, and thus receive no windfall.

The decision of the appeal board is reversed and the decision of the administrative law judge is reinstated. Our disposition of this issue renders plaintiffs' second issue moot.