MANER v FORD MOTOR COMPANY

KANALOS v GENERAL MOTORS CORPORATION

Docket Nos. 95202, 95203. Decided June 30, 1993. On application by the defendants for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the judgments of the Court of Appeals.

Lawrence A. Maner was awarded workers' compensation from his employer, Ford Motor Company. He subsequently petitioned for enforcement, alleging that Ford had failed to pay the benefits due in full. A hearing referee held that Ford was not entitled to set off amounts paid by its insurer as sickness and accident benefits. The Workers' Compensation Appeal Board affirmed, holding that the failure to prove that Maner had executed an assignment or reimbursement agreement with respect to the sickness and accident benefits was fatal to Ford's claim for setoff and that its insurer lacked standing to assert such a claim because it failed to intervene.

Sharon Kanalos was awarded workers' compensation from her employer, General Motors Corporation. The Workers' Compensation Appeal Board affirmed, but modified the benefit period and ordered that the wages paid during disability, but not other benefits that had been paid, could be offset. She petitioned for enforcement of the order, and a hearing referee permitted setoff of amounts paid as wages, disability advance payments, sickness and accident benefits, and extended disability benefits. The Workers' Compensation Appeal Board permitted credit for the extended disability benefits, but denied credit for the other benefits, because there was no evidence that General Motors paid or caused to be paid any alternative benefits, or, if they were paid, that there was a reimbursement agreement.

The cases were consolidated in the Court of Appeals, and the Court, CAVANAGH, P.J., and NEFF and W. R. BEASLEY, JJ., held, in an unpublished opinion per curiam, that Ford and General

REFERENCES

Am Jur 2d, Workers' Compensation §§ 414, 415.

See ALR Index under Counterclaim and Setoff; Workers' Compensation.

Motors could setoff from the workers' compensation awards the amounts paid as sickness and accident benefits, disability advance benefits, or extended disability benefits (Docket Nos. 120622, 123465, 123722). A special panel of the Court of Appeals, NEFF, MICHAEL J. KELLY, WAHLS, HOOD, GRIBBS, SULLIVAN, MCDONALD, MURPHY, CAVANAGH, FITZGERALD and CONNOR, JJ. (WEAVER, J. and DOCTOROFF, C.J., concurring), reversed in part, affirmed in part, and remanded, holding that the benefits payable were not susceptible to deduction from workers' compensation wage loss payments under § 811 of the Workers' Disability Compensation Act because they were not caused to be paid by the employer (Docket Nos. 146999, 147000). The defendants seek leave to appeal.

In a memorandum opinion, signed by Chief Justice CAVANAGH, and Justices LEVIN, BRICKLEY, BOYLE, and MALLETT, the Supreme Court *held:*

An employer may not reduce workers' compensation payments due an injured employee by the amount of other benefits received where those benefits were not caused to be paid by the employer as provided in the Workers' Disability Compensation Act.

When a dispute of this sort is litigated, the parties should present clear proof regarding the nature, course, and amount of payments, as well as any individual or collective agreements regarding the terms of the payments.

Affirmed.

Justice GRIFFIN, joined by Justice RILEY, dissenting, stated that leave to appeal should be granted. Because § 811 of the Workers' Disability Compensation Act is ambiguous, a construction of the statute that encourages employers to help workers while their compensation claims are pending, rather than one that penalizes and discourages employer-financed wage replacement programs should be considered. Peremptory disposition, without plenary consideration, full briefing, oral argument, and an opportunity for the profession to file briefs as amici curiae, should be reserved for cases in which the law is settled and factual assessment is not required.

196 Mich App 470; 493 NW2d 909 (1992) affirmed.

WORKERS' COMPENSATION — SETOFF AGAINST BENEFITS.

An employer may not reduce workers' compensation payments due an injured employee by the amount of other benefits received where those benefits were not caused to be paid by the employer as provided in the Workers' Disability Compensation Act (MCL 418.811; MSA 17.237[811]).

*John M. Thomas* and *Anthony P. Marchese, Jr.;
Conklin, Benham, Ducey, Listman & Chuhran,
P.C.,* of counsel (by *Martin L. Critchell*), for defendant Ford Motor Company.

*Conklin, Benham, Ducey, Listman & Chuhran,
P.C.* (by *Martin L. Critchell*), for defendant General Motors Corporation.

MEMORANDUM OPINION. These are workers' compensation cases in which disabled employees are being paid benefits under the act.[1] Because other employment-related benefits have been paid to the plaintiffs, the defendant employers wish to reduce the workers' compensation benefits by a corresponding amount.

These cases principally concern MCL 418.811; MSA 17.237(811) and MCL 418.821; MSA 17.237(821).[2] Section 811 provides that, with certain statutory exceptions, "benefits derived from any other source than those paid or caused to be paid by the employer as provided in this act" shall not "be considered in fixing the compensation under this act . . . ." Section 821 permits benefits to be assigned where, in effect, an injured employee has received from a health insurer an advance on expected workers' compensation benefits.

These cases have been decided in a comprehensive and well-written special-panel[3] decision of the Court of Appeals. 196 Mich App 470; 493 NW2d 909 (1992). We affirm the judgments of the Court of Appeals, and we adopt its opinion.

---

[1] Workers' Disability Compensation Act, 1969 PA 317, as amended, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*

[2] The plaintiffs were injured before the enactment of MCL 418.354; MSA 17.237(354), which was added by 1981 PA 203.

[3] Administrative Order No. 1990-6, 436 Mich lxxxiv; Administrative Order No. 1991-11, 439 Mich cxliv.

We emphasize, as did the Court of Appeals, that when a dispute of this sort is being litigated, the parties should present clear proof regarding the nature, source, and amount of the payments, as well as any individual or collective agreements regarding the terms of the payments.[4] 196 Mich App 478-479.

For the reasons stated by the Court of Appeals, we affirm the Court's judgments. MCR 7.302(F)(1).

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, and MALLETT, JJ., concurred.

GRIFFIN, J. (*dissenting*). These consolidated appeals present the question whether certain interim disability and wage-replacement benefits, paid or caused to be paid by an employer to a disabled employee while his claim for workers' compensation is pending, may be credited against the employer's obligation when workers' compensation is later awarded.

Today our Court answers this question in peremptory fashion by adopting an opinion of a special panel of the Court of Appeals that provides little in the way of analysis or reasoning except to assert that the controlling provision, § 811 of the Workers' Disability Compensation Act, MCL 418.811; MSA 17.237(811), is written in "clear language" and, presumably, is therefore unambig-

---

[4] The concurring judges in the Court of Appeals wrote to emphasize that these cases involve pre-1982 injuries, and that benefits paid for injuries occurring after March 31, 1982, are subject to coördination under MCL 418.354; MSA 17.237(354). 196 Mich App 490. In *Franks v White Pine Copper Div*, 422 Mich 636, 660-664; 375 NW2d 715 (1985), reh den 424 Mich 1202 (1985), we explained that an employer may so coördinate benefits without prior administrative approval. However, if a dispute, regarding coördination or other adjustment due to alternative payments, is taken to a so-called Rule V hearing (1984 AACS, R 408.35), the parties, by stipulation or through testimony and exhibits, need to present the magistrate with the information necessary to determine the question.

uous. 196 Mich App 470, 489; 493 NW2d 909 (1992). Because the language of § 811 is ambiguous, and I am concerned that the interpretation adopted by the Court today may undercut important public policy goals of the WDCA,* I must dissent. I would grant leave to appeal.

Where, as here, the Legislature's intent is in doubt, this Court should at least consider a construction of the statute that encourages employers to help workers "weather the storm" while their compensation claims are pending, rather than a construction that penalizes and discourages employer-financed wage replacement programs. See *Gilroy v General Motors Corp (After Remand),* 438 Mich 330, 337; 475 NW2d 271 (1991).

Moreover, as Justice WILLIAMS stated in *Stanley v Hinchliffe & Kenner,* 395 Mich 645, 657, n 15; 238 NW2d 13 (1976), "[d]ouble recovery is repugnant to the very principles of workmen's compensation." There he quoted with approval:

> "To allow double recovery is contrary to one of the fundamental principles of workmen's compensation, in that if the employee were to receive more compensation while disabled than while working, the temptation to malinger and prolong his period of disability would be unwisely increased." 1 Schneider, Workmen's Compensation, § 160, p 470.

See also *Thick v Lapeer Metal Products,* 419 Mich 342, 347; 353 NW2d 464 (1984). In *Stanley,* this Court not only found § 811 to be ambiguous, but we rejected an interpretation that would have resulted in double recovery.

"Peremptory disposition, without plenary consideration, full briefing, oral argument, and an oppor-

---

* 1969 PA 317, as amended, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*

tunity for the profession to file briefs as amici curiae, should be reserved for cases in which the law is settled and factual assessment is not required." *People v Hunt,* 442 Mich 359, 366; 501 NW2d 151 (1993) (LEVIN, J., dissenting).

RILEY, J., concurred with GRIFFIN, J.