SMITH v MICHIGAN BELL TELEPHONE COMPANY (ON
REMAND)

Docket No. 165909. Submitted July 7, 1993, at Lansing. Decided
September 7, 1993, at 9:35 A.M.

Paul L. Smith was awarded workers' compensation benefits from
his employer, Michigan Bell Telephone Company, for a work-
related injury that occurred before March 31, 1982. The hear-
ing referee allowed the defendant to reduce its liability for
workers' compensation benefits by amounts received by the
plaintiff in the form of unemployment compensation and wage
continuation benefits. The Workers' Compensation Appeal
Board reversed the grant of those setoffs, determining that
there was no evidence that such benefits had been paid. The
Court of Appeals, GILLIS, P.J., and WEAVER and DOCTOROFF, JJ.,
reversed the appeal board's decision with respect to the setoffs,
holding that an employer is entitled to credit against its
workers' compensation liability any unemployment compensa-
tion benefits paid to an injured employee without first seeking
an evidentiary hearing to establish the amount of unemploy-
ment compensation paid, that there was sufficient evidence on
the record to indicate that the plaintiff received wage continua-
tion benefits, and that an employer is entitled to a setoff
against workers' compensation liability for any wage continua-
tion benefits paid to an injured employee. 189 Mich App 125
(1991). The Supreme Court granted leave to appeal, 440 Mich
893 (1992), and remanded the case to the Court of Appeals for
reconsideration in light of *Maner v Ford Motor Co,* 442 Mich
620 (1993). 442 Mich 934 (1993).

On remand, the Court of Appeals *held:*

1. Benefits other than those paid or caused to be paid by an
employer as provided in the workers' compensation act cannot
be used to reduce amounts payable under the act to an injured
employee unless such a reduction is specifically provided for in
the act. For injuries incurred before March 31, 1982, the
workers' compensation act does not allow setoffs for wage
continuation benefits.

2. An evidentiary hearing is not necessary before an em-
ployer may take a setoff for unemployment compensation bene-

fits. In case of a dispute over the proper amount of such a setoff, a hearing pursuant to 1984 AACS, R 408.35 is available.

Remanded.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Granner S. Ries*), for the plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for the defendant.

ON REMAND

Before: DOCTOROFF, C.J., and WEAVER and MARILYN KELLY, JJ.

DOCTOROFF, C.J. This case is before us on remand from our Supreme Court pursuant to a June 30, 1993, order returning the matter for reconsideration in light of *Maner v Ford Motor Co,* 442 Mich 620; 502 NW2d 197 (1993). 442 Mich 934 (1993). We affirm all those portions of our prior opinion except the analysis regarding the wage continuation offset issue, which we now vacate.

We initially released an opinion in this matter affirming the decision of the Workers' Compensation Appeal Board insofar as it upheld plaintiff's benefits for a work-related injury, but reversing that portion of the WCAB decision that precluded defendant from taking an offset for that amount of compensation that plaintiff received as unemployment compensation and wage continuation benefits. *Smith v Michigan Bell Telephone Co,* 189 Mich App 125; 472 NW2d 32 (1991). Thereafter, this Court convened a special panel pursuant to the conflict resolution provisions of Administrative Order No. 1990-6, as extended by Administrative

Order No. 1993-4, and overruled our prior decision regarding the wage continuation offset issue. *Maner v Ford Motor Co,* 196 Mich App 470, 473, 478; 493 NW2d 909 (1992). In its recent decision, our Supreme Court agreed with the result and reasoning of the conflict resolution panel in *Maner.* See 442 Mich 622.

Accordingly, we now expressly abandon our prior position on the wage continuation offset issue in favor of that expressed by this Court in *Maner,* as adopted by our Supreme Court. With respect to the offset for unemployment compensation payments, we continue to adhere to the view expressed in our original opinion—that no evidentiary hearing is necessary to verify that figure. See *Smith, supra* at 133-134. However, being cognizant of our Supreme Court's recent statement regarding the verification of setoffs in *Maner,* should the parties be unable to agree upon the proper amount of unemployment compensation setoff, a Rule V (1984 AACS, R 408.35) hearing would be available to resolve the dispute. 442 Mich 623, n 4; *Franks v White Pine Copper Div,* 422 Mich 636, 660-664; 375 NW2d 715 (1985).

Our prior opinion in *Smith* is affirmed in part and vacated in part. This matter is remanded for a determination of the proper setoff available for unemployment compensation benefits and further proceedings, should they become necessary. We do not retain jurisdiction.

Remanded.

MARILYN KELLY, J., concurred in the result only.