RIDDLE v BROAD CRANE ENGINEERING COMPANY

1. WORKMEN'S COMPENSATION—PERSONAL INJURY—COURSE OF EM-
PLOYMENT—PREEXISTING CONDITION.

An employer takes his employee as he finds him, and if a decedent employee's employment aggravated, accelerated, or combined with a preexisting disease or infirmity to produce the result for which workmen's compensation is sought, then that result has indeed arisen out of the decedent's employment, regardless of any different result which might have been reached in the case of a healthy employee.

2. WORKMEN'S COMPENSATION—APPEAL BOARD—PERSONAL INJURY—
COURSE OF EMPLOYMENT—PREEXISTING CONDITION—EVIDENCE.

A plaintiff, in order to recover workmen's compensation benefits resulting from the death of her husband, did not have to prove by a preponderance of the evidence that all of the decedent's "internal medicine problems" were attributable to his short period of employment with a defendant employer, but rather it was sufficient for plaintiff to indicate that decedent's employment aggravated, accelerated, or combined with a preexisting disease or infirmity to produce the result for which compensation was sought; therefore, a statement by the Workmen's Compensation Appeal Board implying such a fallacious test in its decision denying compensation requires vacation of the order of the board and remand of the cause for reconsideration.

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 1 February 11, 1974, at Detroit. (Docket No. 17979.) Decided May 2, 1974.

Claim by Peggy A. Riddle against Broad Crane Engineering Company and Aetna Casualty & Surety Company for workmen's compensation.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation §§ 247, 255, 278.

Compensation denied. Plaintiff appeals by leave granted. Order of denial vacated and remanded with instructions.

*Sam W. Thomas* (by *E. R. Whinham, Jr.),* for plaintiff.

*Lacey & Jones* (by *Hayim I. Gross),* for defendants.

Before: V. J. BRENNAN, P. J., and MCGREGOR and T. M. BURNS, JJ.

T. M. BURNS, J. On February 26, 1967, plaintiff's decedent commenced working for defendant Broad Crane Engineering Company as a rivet buster assisting in the replacement of certain girder rails in the incineration plant in Detroit. It is not contested that this job created clouds of noxious dust which filled the air, choking and gagging the men employed on the job.

After working the full day on February 26, 1967, decedent returned to work at 7 a.m. on February 27, 1967, but soon began coughing and choking and at approximately 9:30 a.m. told his foreman he was sick and had to go home. Upon returning home, decedent experienced vomiting, choking, and continuous coughing.

On March 2, 1967, decedent sought employment with General Oak Fabricators but broke off discussions with General Oak when he became ill and had to return home.

At the insistence of his wife, decedent entered Pontiac General Hospital on March 9, 1967, complaining primarily of bleeding and vomiting. Decedent had health problems related to excessive drinking and, upon examination, the hospital doctor found that decedent had an enlarged liver.

On March 10, 1967, surgery removing part of

decedent's stomach was performed in an attempt to arrest decedent's deteriorating condition. The operation and various other measures taken by the hospital were unavailing for on March 15, 1967, James Riddle died in the hospital.

Decedent's wife, plaintiff herein, sought workmen's compensation benefits due to the death of her husband. Two physicians testified at the referee's hearing as to the cause of death. Plaintiff's witness, Dr. Slevin, concluded that death was caused by pneumonia and that decedent's vomiting and hemorrhaging, caused by exposure to garbage incinerator dust, left decedent so debilitated that he was unable to recover from the surgery and pneumonia. On the other hand, Dr. Schneck, who testified for defendant Broad Crane Engineering, stated that he could find no causal relationship between decedent's death and his exposure to dust on February 26 and 27, 1967.

The hearing referee awarded death benefits to plaintiff finding that decedent had received a personal injury arising out of and in the course of his employment and that said injury resulted in and was causally related to his death.

Defendants appealed this decision to the Workmen's Compensation Appeal Board. That body, in a unanimous decision, reversed the referee's decision and denied compensation benefits to the plaintiff. Plaintiff now appeals that decision by leave granted.

The sole issue raised by plaintiff on appeal is whether the Workmen's Compensation Appeal Board applied an incorrect legal standard in reversing the hearing referee's award to plaintiff.

The principle of review involved is whether, when the administrative body makes a determination of fact binding upon us but includes in its

opinion an erroneous statement of law, we should affirm on the basis of the facts found or reverse and remand for reconsideration by reason of the incorrect legal test stated.

The board stated in its opinion:

"Dr. Schneck testified that decedent would recover from his exposure at the incinerator within twenty-four hours. Dr. Slevin made the same statement. *He said a healthy individual would recover within twenty-four hours."* (Emphasis added.)

The last sentence in the above quotation is entirely irrelevant to the disposition of the case at bar, since the question before the board was not what effect decedent's employment might have had upon a hypothetical "healthy individual", but rather what effect the employment did in fact have upon the admittedly less than healthy Mr. Riddle. If decedent's employment aggravated, accelerated, or combined with a preexisting disease or infirmity to produce the result for which compensation is sought, then that result has indeed arisen out of decedent's employment, regardless of any different result which might have been reached in the case of a healthy individual. It is well known that an employer takes his employee as he finds him. 1 Larson's Workmen Compensation Law, § 12.20 pp 3-231, 3-249. See also *Sheppard v Michigan National Bank,* 348 Mich 577; 83 NW2d 614 (1957).

The board compounds its misconception of the proper legal test when it concludes its opinion by stating:

"The conclusion that decedent's death arose out of and in the course of his employment is not a persuasive argument. *To attribute all the internal medicine problems of decedent to short employment is not supported*

*by a preponderance of the evidence. Therefore, the referee is reversed."* (Emphasis added.)

Contrary to the board's implication contained in the statement above quoted, in order to recover benefits, the plaintiff did not have to prove by a preponderance of the evidence that all of decedent's "internal medicine problems" were attributable to his short period of employment with defendant Broad Crane Engineering Company. As defendants concede, it was sufficient for plaintiff to indicate that decedent's employment aggravated, accelerated, or combined with a preexisting disease or infirmity to produce the result for which the compensation was sought. We think the words used by the board clearly impart a consideration by the board of a fallacious test.

We cannot determine here whether the finding of fact would have been the same irrespective of the misconception of law that is reflected in the holding of the unanimous board. For this reason, we vacate the order of the board and remand the cause for reconsideration upon the record already made to determine whether under the tests we here established or affirmed, divested of the erroneous test employed by the board, decedent's employment was causally related to death.

Remanded for further proceedings in accordance herewith. Costs to plaintiff. This Court retains no further jurisdiction.

All concurred.