VERMIGLIO v CONDOR MANUFACTURING, INC

Docket No. 78-1725. Submitted March 19, 1979, at Detroit.—Decided June 20, 1979. In lieu of leave to appeal, remanded to the Worker's Compensation Appeal Board, 407 Mich 903.

Andrew Vermiglio suffered a severe leg injury while employed by Triad Construction Company in 1965. Thereafter he was afflicted with recurrent osteomyelitis (infection of the bone). In 1969 he began work with Condor Manufacturing, Inc. In November of 1970, he was hospitalized and underwent further surgery. After this hospitalization he returned to Condor, but the pain persisted and he was laid off in 1972. In August of 1972, he began working for Tubular Sales Company, was again hospitalized in August of 1973, and upon being discharged from the hospital was laid off by Tubular Sales apparently because the company became aware of his leg condition. On November 5, 1973, he filed a complaint with the Workmen's Compensation Bureau alleging total disability and requesting compensation from Triad Container, Tubular Sales and their insurance carriers. Later, the complaint was amended to include defendants Condor Manufacturing and National Ben Franklin Insurance Company, Condor's insurance carrier. Plaintiff, with the approval of the referee, redeemed his claims against Triad Construction and Tubular Sales, but preserved his claim against Condor and its carrier. At a hearing in 1975, the referee found that plaintiff was partially disabled since the last day he worked for Condor and that Condor should pay continuing compensation. Defendants Condor and Ben Franklin Insurance appealed to the Workmen's Compensation Appeal Board (WCAB). The WCAB modified the referee's award, holding that benefits paid by Condor were to cease as of the day plaintiff ended his employment with Tubular Sales on August 13, 1973. The board further found that plaintiff's subsequent employment at Tubular Sales had aggravated his condition and produced a last-day-of-work disability. According to the board, had

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 552.
[2] 82 Am Jur 2d, Workmen's Compensation § 409.
[3] 82 Am Jur 2d, Workmen's Compensation § 564.

it not been for a redemption of liability by Tubular Sales, it would now be wholly responsible as the last employer. Plaintiff appeals contending that the board's opinion is internally inconsistent because it found, in effect, two "total" disabilities, the one at Condor and the second when he ended his employment with Tubular Sales. Plaintiff argues that because the board never found that plaintiff had recovered from his first total disability, his subsequent employment and any subsequent aggravation is irrelevant, and therefore, the board erred in ordering the cessation of benefits as of August 13, 1973. Defendants contend that the board's opinion did not find two total disabilities; rather, the compensation awarded from Condor represents only a finding of a temporary total disability which did not become permanent until plaintiff left Tubular Sales on August 13, 1973. Defendants further contend that, because liability for an aggravated injury rests with the employer whose work last subjected plaintiff to the disabling conditions, the board's finding that Tubular Sales was plaintiff's last employer precludes an award of continuing benefits from Condor. *Held:*

1. Findings of fact by the WCAB are conclusive absent fraud. When a disability results from the aggravation of a condition over a period of time, then liability for compensation benefits rests with the employer where the employee last worked subject to the conditions resulting in his disability. There was sufficient evidence in the record to support the board's finding that Tubular Sales was plaintiff's last employer aggravating his leg condition, and therefore, exclusively liable for the payment of continuing benefits.

2. The WCAB determination was not internally inconsistent or tantamount to a finding of two total disabilities. The hearing referee found that plaintiff was partially disabled after leaving Condor. The board, in its subsequent modification, implicitly adopted this finding when it awarded compensation benefits for only partial disability. Because plaintiff was found to be only partially disabled from his employment at Condor, the board's finding that the subsequent aggravation at Tubular Sales culminated in a last-day-of-work disability is not fatally inconsistent.

Affirmed.

1. WORKMEN'S COMPENSATION — APPEAL BOARD — FINDINGS OF FACT — SUPPORT IN RECORD — APPEAL AND ERROR.

Findings of fact of the Workmen's Compensation Appeal Board are conclusive absent fraud, thus appellate review is limited to determining if there is any evidence to support the board's

factual findings; where the board's findings are supported by competent, material and substantial evidence on the record, they will be upheld on appeal.

2. WORKMEN'S COMPENSATION — EMPLOYEE DISABILITY — AGGRAVATION OF CONDITIONS — LIABILITY FOR BENEFITS — LAST EMPLOYER.

The law is clear as to who, among several successive employers, is responsible for payment of compensation benefits to an injured employee; when a disability results from the aggravation of a condition over a period of time, then liability for compensation rests with the employer where the employee last worked subject to the conditions resulting in his disability (MCL 418.301[1], 418.435; MSA 17.237[301][1], 17.237[435]).

3. WORKMEN'S COMPENSATION — APPEAL BOARD — IMPLIED FINDINGS OF FACT — APPEAL AND ERROR.

The Court of Appeals may note an implied finding of fact, not expressly stated by the Workmen's Compensation Appeal Board, if that fact was necessarily determined in order to reach a certain conclusion.

*Ripple, Chambers & Steiner, P.C.,* for plaintiff.

*Sommers, Schwartz, Silver & Schwartz* (by *John F. Vos),* for defendant.

Before: D. C. RILEY, P.J., and M. J. KELLY and BEASLEY, JJ.

M. J. KELLY, J. Plaintiff, Andrew Vermiglio, appeals a March 13, 1978, determination of the Workmen's Compensation Appeal Board (WCAB) modifying the decision of the hearing referee that defendant Condor Manufacturing, Inc., plaintiff's second employer, and its insurer, were liable for payment of continuing disability benefits, and holding that defendants' liability ceased on the last day of plaintiff's employment with Tubular Sales, plaintiff's third employer.

Testimony taken before the hearing referee on September 2, 1975, indicated the following: Plain-

tiff originally suffered a severe leg injury while employed by Triad Construction Company in 1965. Plaintiff was hospitalized several times before he was able to work again; but, as a result of the accident, he has suffered from recurrent osteomyelitis (infection of the bone).

In September of 1969, plaintiff began work with defendant Condor Manufacturing, Inc. His job as a "chucker", according to plaintiff, required him to stand for 10 hours a day, 58 hours a week, feeding a machine. During the second year of his employment with Condor, plaintiff began to experience severe discomfort because his left leg would drain and swell. In November of 1970, he was hospitalized and underwent further surgery. As a result of plaintiff's original injury and various hospitalizations, his left leg is two inches shorter than his right leg and he is unable to bend his left knee. After the 1970 hospitalization, plaintiff returned to Condor; however, the pain persisted and, according to plaintiff, he was laid off in 1972.

After having his brother take his preemployment physical, plaintiff began working for Tubular Sales as a warehouseman in August, 1972. This employment required that plaintiff load and unload trucks as well as cut steel tubing on a saw. Plaintiff was again hospitalized in August, 1973. Upon being discharged from the hospital, plaintiff was laid off by Tubular Sales, apparently because the company became aware of plaintiff's leg condition. Plaintiff has not worked since.

On November 5, 1973, plaintiff filed a complaint with the Workmen's Compensation Bureau alleging total disability and requesting compensation from Triad Container Corporation and Tubular Sales Company and their respective insurance carriers. On April 29, 1974, plaintiff amended his

complaint to include defendants, Condor Manufacturing, Inc. and its insurance carrier, National Ben Franklin Insurance Company. Subsequently, with the approval of the referee, plaintiff and two of the defendants, Triad Container and Tubular Sales, and their insurance carriers, entered into an agreement to redeem liability. Plaintiff agreed to settle all his claims against these defendants in exchange for $35,000; however, plaintiff preserved his claim against Condor Manufacturing and its insurance carrier.

The medical testimony introduced at the September 2, 1975, hearing before the referee was contradictory. Although all five doctors agreed that plaintiff's osteomyelitis was caused by his original injury in 1965, there was disagreement as to whether employment involving excessive standing, bending and lifting could exacerbate the condition. The hearing referee found that plaintiff was partially disabled since May 3, 1972 (the last day worked at defendant Condor), and that defendant should pay continuing compensation to plaintiff at the rate of two-thirds of the difference between his average weekly wage and his weekly earnings thereafter, not to exceed $101 per week.

On appeal to the WCAB, the defendants contended that plaintiff's original injury had not been aggravated by his employment at Condor. Alternatively, it was asserted that any compensation for subsequent aggravation should be assessed solely against Tubular Sales, since plaintiff was last subjected to the conditions resulting in his disability when he was employed there. MCL 418.435; MSA 17.237(435).

The appeal board found that stresses and strains during plaintiff's employment at Condor aggravated and reactivated his chronic bone infection.

However, the board altered the referee's scheduled compensation benefits; it awarded benefits to plaintiff in the amount of $86 per week for any weekly wages lost from the time of his 1970 hospitalization until May 3, 1972, and $95 per week thereafter until increased to $101 per week on September 6, 1972 (when his son Thomas was born), and for two-thirds of the difference in any wage loss while employed by Tubular Sales not to exceed $101 weekly. In addition, the board also modified the referee's award of continuing benefits, holding that benefits paid by defendant were to cease as of the day plaintiff ended his employment at Tubular Sales, August 13, 1973. The board further found that plaintiff's subsequent employment at Tubular Sales had aggravated his condition and produced a last-day-of-work disability. According to the board, had it not been for a redemption of Tubular Sales' liability, it would now be wholly responsible as the last employer.

It is this modification of the award which frames the issue on appeal: after finding that plaintiff had aggravated his disability while employed by defendant, did the appeal board err in holding defendant to be a "prior" employer, liable only until a subsequent aggravating exposure occurred, rather than a "last" employer and liable for the payment of continuing benefits?

In essence, plaintiff seeks to have Condor, his second employer, treated as his last employer under MCL 418.435; MSA 17.237(435), and therefore, liable for the payment of continuing disability benefits. The hearing referee adopted this position; however, the appeal board did not and ordered compensation to cease at the moment the subsequent employer's liability accrued, that is, August 13, 1973. In attacking the appeal board's

modification of the compensation award, plaintiff asserts that the board's opinion is internally inconsistent because it found, in effect, two "total" disabilities: the first occurring in November of 1970 while plaintiff was employed by Condor, the second occurring on August 13, 1973, when plaintiff's employment with Tubular Sales ended. Proceeding from that premise, plaintiff argues that because the board never found that plaintiff had recovered from his first "total" disability, his subsequent employment and any subsequent aggravation is irrelevant, and thus, the board erred in ordering the cessation of disability benefits as of August 13, 1973.

Defendant counters with a two-step defense. Focusing on the cornerstone of plaintiff's position, defendant argues that the board's opinion did not find two "total" disabilities; rather, the compensation awarded from Condor represents only a finding of a "temporary" total disability which did not become "permanent" until plaintiff left Tubular Sales on August 13, 1973. Moreover, defendant asserts that, because liability for an aggravated injury rests with the employer whose work last subjected plaintiff to the disabling conditions, the board's finding that Tubular Sales was plaintiff's last employer precludes an award of continuing benefits from Condor.

Initially, we reiterate the applicable standard of review. Because findings of fact of the WCAB are conclusive absent fraud, we are limited to determining if there was any evidence to support the finding here in issue. MCL 418.861; MSA 17.237(861). The board's finding of fact will be upheld where "supported by competent, material and substantial evidence in the record * * *". *Dressler v Grand Rapids Die Casting Corp*, 402

Mich 243, 250; 262 NW2d 629 (1978). We find the board's opinion to be supported by the evidence and affirm the modified award.

In our opinion, the law is clear as to who, among several successive employers, is responsible for payment of compensation benefits to an injured employee. When a disability results from the aggravation of a condition over a period of time, then liability for compensation rests with the employer where plaintiff last worked subject to the conditions resulting in a disability. MCL 418.435; MSA 17.237(435), MCL 418.301(1); MSA 17.237(301)(1), *Smith v Lawrence Baking Co,* 370 Mich 169; 121 NW2d 684 (1963), *Gilbert v Reynolds Metals Co,* 59 Mich App 62; 228 NW2d 542 (1975), *Aseltine v Leto Construction Co,* 43 Mich App 559; 204 NW2d 262 (1972). As stated in *Johnson v Valley Grey Iron Foundry,* 58 Mich App 574, 581-582; 228 NW2d 469 (1975):

"The entire structure of the act seems to contemplate the imposition of liability upon a single employer * * *

* * *

"The most reasonable interpretation of the act is that the Legislature intended to give the plaintiff a single direct action against only his last employer * * *".

Here, the board found Tubular Sales to be the last employer subjecting plaintiff to working conditions which could aggravate his leg injury, and thus, the sole employer liable for the payment of continuing disability benefits. Although the evidence concerning employment conditions at Tubular Sales was sparse compared to that concerning conditions at Condor, we find that there was sufficient evidence in the record to support the board's conclusion. At the September 2, 1975, hearing, plaintiff acknowledged that his subsequent employ-

ment entailed loading and unloading trucks and was a "standing up" job. In addition, two of the doctors who believed that employment could aggravate osteomyelitis stated that they could not distinguish between the aggravation stemming from each employment. Finally, plaintiff's August, 1973, hospitalization suggests the likelihood of further aggravation while at Tubular Sales. We find this evidence to be sufficient to support the board's finding that Tubular Sales was plaintiff's last employer aggravating his leg condition, and thus, exclusively liable for the payment of continuing benefits.

In any event, we are unprepared to accept the predicate upon which plaintiff's argument proceeds, for we do not find the board's determination to be internally inconsistent and tantamount to a finding of two "total" disabilities.[1] The hearing referee specifically found that plaintiff was partially disabled after leaving the defendant's employ. We find that the appeal board, in its subsequent modification of the award, implicitly adopted this finding because it awarded compensation benefits for partial disability equal to two-thirds of the difference between the employee's average weekly wages and the average weekly wages he was able to earn after the injury. MCL 418.361; MSA 17.237(361). This Court may note an implied finding of fact not expressly stated if that fact was necessarily determined in order to reach a certain conclusion. *Clark v Apex Foundry, Inc,* 7 Mich App 684, 688; 153 NW2d 182 (1967). Because plaintiff was found to be only partially disabled from

---

[1] Even on such a finding below, if that were the finding, we would not necessarily find an error of law. Workers have been retained as employees earning wages even though physically disabled to such an extent that medical experts could find total disability. One is reminded of the slogan "hire the handicapped" and of the opportunities for employment of the blind and physically disabled.

his employment at Condor, the board's finding that the subsequent aggravation at Tubular Sales culminated in a last-day-of-work disability is not fatally inconsistent.

We therefore affirm the board's determination that Tubular Sales was plaintiff's last employer at the time when plaintiff was permanently disabled, and as such, would be solely responsible for the payment of continuing compensation benefits to plaintiff had its liability not been redeemed.

Affirmed.