RICHARDSON v VEMCO PRODUCTS, INC

Docket Nos. 48133, 48134. Submitted June 23, 1980, at Detroit.— Decided October 23, 1980. Leave to appeal applied for.

Catherine Richardson was injured during her employment at Vemco Products, Inc. She filed a petition for a hearing before the Bureau of Workmen's Compensation alleging loss of the industrial use of both legs. An administrative law judge found general disability, but held that she had failed to sustain the burden of proof as to her claim of total and permanent disability. Liberty Mutual Insurance Company, the original carrier for the risk of injury, filed an application for review of the claim with the Worker's Compensation Appeal Board. Claimant filed a cross-application. The board affirmed the administrative law judge's award of compensation benefits, but denied a new date of injury and Second Injury Fund claims to the total and permanent loss of industrial use of both legs. The Court of Appeals denied claimant Liberty Mutual leave to appeal. Both filed applications for leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, remanded the cases to the Court of Appeals for consideration as on leave granted, 407 Mich 902 (1979). The appeals were consolidated for hearing on appeal. *Held:*

The decision of the administrative law judge was within the range of the testimony. The Worker's Compensation Appeal Board confirmed that result. Such findings are conclusive, no fraud having been shown.

Affirmed.

WORKERS' COMPENSATION — STANDARD OF REVIEW — CONSTITUTIONAL LAW — STATUTES.

Findings of the Worker's Compensation Appeal Board are conclusive in the absence of fraud, and the fact that evidence presented in a claim for compensation is sparse does not justify reversal on appeal of a decision of the board where there is any

REFERENCE FOR POINTS IN HEADNOTE
[1] 82 Am Jur 2d, Workmen's Compensation § 552.

evidence to support its findings (Const 1963, art 6, § 28, MCL 418.861; MSA 17.237[861]).

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Granner S. Ries*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph M. Binno,* Assistant Attorney General, for defendant Second Injury Fund.

*Lacey & Jones* (by *John L. Salter*), for defendants Vemco Products, Inc., and Travelers Insurance Company.

*LeVasseur, Mitseff, Egan & Capp, P.C.* (by *John P. Baril*), for defendants Vemco Products, Inc., and Liberty Mutual Insurance Company.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and A. C. MILLER,* JJ.

A. C. MILLER, J. This is an appeal by leave granted from an October 31, 1978, decision of the Worker's Compensation Appeal Board (WCAB) affirming an administrative law judge's award of total disability compensation benefits to the plaintiff but denying a new date of injury and Second Injury Fund claims to total and permanent loss of industrial use of both legs. The matter was remanded by the Supreme Court after leave was initially denied by this Court. 407 Mich 902 (1979).

Administrative Law Judge John J. Conley heard testimony on three widely separated days, affording plaintiff an opportunity to prove her case. The inadequacy of the testimony is exceeded only by the conflicting nature of it. Quotations of testi-

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

mony can be found supporting any position one cares to take. It is impossible to conceive of a case more appropriate for appellate restraint. Administrative Law Judge Conley observed the witnesses, the evidence, and lack of it. No treating physician was called or deposed. The insurance company physician saw plaintiff only once, and his testimony is not very helpful—that being a euphemistic description. Plaintiff's physician was only slightly better, admitting that he would like to have more information and see more records. Plaintiff, herself, gave conflicting answers as to the onset of her difficulties.

Judge Conley's decision was within the range of the testimony. Admittedly, there is also ample evidence to arrive at the opposite conclusion, but that is not the standard for review. The majority of the WCAB, in an excellent opinion, confirmed the hearing officer's result. If ever the admonition of article 6, § 28, of the Michigan Constitution is applicable, it is here. The appeal board's findings are conclusive in the absence of fraud. *Derwinski v Eureka Tire Co,* 407 Mich 469; 286 NW2d 672 (1979), MCL 418.861; MSA 17.237(861). The fact that the evidence is "sparse" does not justify reversal where there is "any" evidence to support the findings. *Epps v Mercy Hospital,* 69 Mich App 1; 244 NW2d 340 (1976), *Vermiglio v Condor Manufacturing, Inc,* 91 Mich App 8; 282 NW2d 815 (1979).

Affirmed.