HUDSON v JACKSON PLATING COMPANY

Docket No. 48292. Submitted November 12, 1980, at Lansing.—Decided April 21, 1981. Leave to appeal applied for.

Sam W. Hudson, between 1950 and 1970, worked for some ten different employers polishing and buffing metals which exposed him to dust. He developed chrome poisoning and emphysema and was forced to quit work due to the illnesses. He filed for workers' disability compensation benefits but redeemed his claim for $15,000. After this, he went to work for respondent, Jackson Plating Company, doing the same type of work as before. After six weeks, Hudson was forced to quit due to a flare-up of his emphysema. He filed a claim for workers' disability compensation benefits. A hearing was held and the claim was denied, the administrative law judge finding that Hudson's disability was not the result of his employment with respondent. Also dismissed were respondent's cross-claims for apportionment from claimant's several prior employers. Claimant appealed to the Workers' Compensation Appeal Board, which reversed the hearing referee's determination and found respondent liable for payment for the total amount of compensation due claimant. Respondent appeals, raising two issues: 1) whether an employee is entitled to receive workers' disability compensation benefits from an employer where the employment did not cause or aggravate the employee's disease, and 2) if the employer is required to pay those benefits, whether he should receive apportionment from the employee's prior employers. *Held:*

1. The Worker's Disability Compensation Act requires an employee's last employer to pay the total compensation for the disease if the employment was the type to which the disease was due and in which it was contracted. In cases where the employee has worked for several employers in the same type of work, the last employer is liable either if the employee's work

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 631, 634.
[2] 82 Am Jur 2d, Workmen's Compensation § 641.
[3-5] 82 Am Jur 2d, Workmen's Compensation §§ 290, 292, 294, 487.

with the last employer caused an aggravation of a prior condition or the last employment, no matter how brief, was of the same nature and type in which the disease was first contracted, regardless of whether the last employment aggravated the prior condition. The Appeal Board did not apply the wrong standard in stating that there need not be an aggravation or worsening of the prior condition by the last employment. The Court of Appeals must accept the Board's findings where, as here, the proper legal standard has been applied and there is competent evidence to support the finding.

2. Respondent should not bear the sole responsibility for payment of benefits due claimant. It was the intent of the drafters of the Worker's Disability Compensation Act that similar multiple employments through which an occupational disease finally progressed to compensable disability should share proportionately in the payment of benefits. Therefore, a last employer will only be held liable for a pro rata share of the total liability based upon the amount of time over which the employee worked for him. The question of whether a former employer who redeemed liability for an occupational disease is insulated from paying his proportionate share of liability has not been authoritatively answered. Decisions on the issue are inconsistent and the Appeal Board has not spoken to the issue. For these reasons, the Court declines to decide this issue at this time and requests a ruling on the issue by the Appeal Board. Jurisdiction will be retained in the interim.

Affirmed in part and remanded.

1. WORKERS' COMPENSATION — APPEAL.

The Court of Appeals must accept findings made by the Worker's Compensation Appeal Board if the proper legal standard has been applied and there is competent evidence to support the findings.

2. WORKERS' COMPENSATION — APPEAL.

The Court of Appeals will remand a workers' compensation case to the Worker's Compensation Appeal Board for application of the proper legal standard where the Board has made a mistake in construing the law.

3. WORKERS' COMPENSATION — PAYMENT OF BENEFITS — STATUTES.

The Worker's Disability Compensation Act requires an employee's last employer to pay the total compensation for a disease if the employment was the type to which the disease was due and in which it was contracted (MCL 418.435; MSA 17.237[435]).

4. WORKERS' COMPENSATION — PAYMENT OF BENEFITS — STATUTES.

An either/or test is used to determine whether an employee's last employer is required by the Worker's Disability Compensation Act to pay the total compensation for a disease caused by and contracted from the employee's employment; the last employer is liable if either (a) the employee's work with the last employer caused an aggravation of a prior condition or (b) the last employment, no matter how brief, was of the same nature and type in which the disease was first contracted, regardless of whether the last employment aggravated the prior condition (MCL 418.435; MSA 17.237[435]).

5. WORKERS' COMPENSATION — PAYMENT OF BENEFITS — APPORTIONMENT — STATUTES.

The Worker's Disability Compensation Act authorizes apportionment of workers' disability compensation benefits among an employee's last employer and previous employers responsible for the employee's disease; the last employer, although required to pay the total compensation for the disease, will be entitled to recover a pro rata share of the total liability from each of the prior employers based upon the amount of time over which the employee worked for each employer (MCL 418.435; MSA 17.237[435]).

*Rappleye, Wilkins & Arcaro* (by *Robert W. Simon*), for plaintiff.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.,* for defendant on appeal.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,* JJ.

ALLEN, J. Defendants, Jackson Plating Company and Continental Insurance Company, appeal by leave granted from a Workers' Compensation Appeal Board finding dated November 7, 1979, that they are liable for workers' disability compensation benefits payable to plaintiff, Sam Hudson.

From 1950 to 1970, plaintiff worked for some ten different firms polishing and buffing metals which

---

* Circuit judge, sitting on the Court of Appeals by assignment.

exposed him to dust. In 1970, Hudson developed chrome poisoning and discovered that he had emphysema. Because of these illnesses, he was forced to quit work and, in 1972, filed for workers' disability compensation benefits from his various employers. His claim was redeemed for $15,000. Between 1970 and 1974, the plaintiff was unable to work because of his emphysema. In March, 1975, however, he first went to work for Jackson Plating Company as a polisher of metals. During his six weeks of employment with Jackson Plating Company, he was exposed to metal dust which caused his emphysema to flare up. After a night of coughing and shortness of breath, the plaintiff was unable to return to work.

In July, 1975, plaintiff filed a claim for workers' compensation benefits on which a hearing was held in January, 1977. At the hearing, three physicians testified that plaintiff's employment at defendant employer's factory could not have caused the emphysema. One physician testified that the dust at defendant's factory could aggravate plaintiff's condition. The administrative law judge dismissed plaintiff's claim, finding that his disability was not the result of his employment with defendant, Jackson Plating Company.

"There is no question but that this plaintiff has a severe pulmonary disability. It would also appear that plaintiff's pulmonary difficulties had reached disabling proportions by on or about 5-8-70. The issue now is whether that disability was compounded by the employment period with the defendant herein.

\* \* \*

"We must therefore conclude that the submitted proofs do not establish the work relationship of plaintiff's complained of difficulties beginning on or about 4-29-75. Further, the proofs do not support a finding that

plaintiff's underlying pulmonary condition was worsened by the work exposure claim[ed] herein."

The administrative law judge also dismissed defendants' cross-claim for apportionment from plaintiff's several prior employers.

Plaintiff then appealed to the Workers' Compensation Appeal Board which, in a comprehensive opinion, reversed the administrative law judge concluding, "While we cannot establish permanent worsening of plaintiff's condition on this record during his six weeks of employment, we find the nature of his work to have been what the nature of his work always had been—buffing and polishing. That work, cumulatively, has contributed to his disability." At page 8 of its opinion, the Board also stated:

"The issue is *not* whether there has been actual aggravation or worsening during and as a result of the last period of employment. This is an occupational disease case (Chapter IV), not a claim arising out of Chapter III. Plaintiff's disability arose out of 'causes and conditions which are characteristic of and peculiar to the business of the employer'. Under Chapter IV, 'the total compensation shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted.' (Section 435). This language does not require that some increment of pathology be demonstrated at each successive employer."

On appeal to us by leave granted, defendants raise two issues: (1) that plaintiff is not entitled to receive benefits where the defendant employer did not cause or aggravate plaintiff's disease, (2) that if defendants are required to pay benefits, they should receive apportionment from plaintiff's prior employers.

## I

In reviewing the findings of the Workers' Compensation Appeal Board, this Court must accept the Board's findings if the proper legal standard has been applied and there is competent evidence to support the finding. *Christiansen v Eaton, Yale & Towne, Inc,* 89 Mich App 440, 444; 280 NW2d 463 (1978). However, where the Board has made a mistake in construing the law, this Court will remand the case for application of the proper legal standard. *Riddle v Broad Crane Engineering Co,* 53 Mich App 257, 261; 218 NW2d 845 (1974).

MCL 418.401; MSA 17.237(401) states in part:

"'Personal injury' shall include a disease or disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment."

The act further states:

"If an employee is disabled or dies and his disability or death is caused by a disease and the disease is due to the nature of the employment in which such employee was engaged and was contracted therein, he or his dependents shall be entitled to compensation and other benefits for his death or for his disablement, all as provided in this act." MCL 418.415; MSA 17.237(415).

Finally, MCL 418.435; MSA 17.237(435) requires the employee's last employer to pay the total compensation for the disease if the employment was the type to which the disease was due and in which it was contracted.

In cases involving disability because of occupational diseases incurred while working for multiple employers, the Workers' Compensation Appeal

Board appears to have developed what, for want of a better term, we call the either/or test. In cases of this type, the last employer is liable either if (a) the employee's work with the last employer caused an aggravation of the prior condition *or* (b) the last employment (no matter how brief)[1] was of the same nature and type in which the disease was first contracted, regardless of whether the last employment aggravated the prior condition. Though decisions of this Court are by no means clear, and one may legitimately question whether liability should be found without aggravation, it appears to us that on appeal this Court has approved the test uniformly applied by the Workers' Compensation Appeal Board.

In *Dean v Arrowhead Steel Products Co, Inc,* 5 Mich App 691; 147 NW2d 751 (1967), decedent had been employed by a number of foundries prior to working for Arrowhead Steel Products Company from October, 1955, to January, 1960. The cause of his death in June, 1960, was respiratory failure due to chronic emphysema and anthracofibrosis of the lungs. In determining whether compensation was payable, this Court said:

"Appellants assert that plaintiff's decedent must show some exposure at defendant's foundry which caused the personal injury *or* at least caused an aggravation of the same in order to justify the order for compensation. With this claim we agree." *Id.,* 697. (Emphasis supplied.)

---

[1] We note that the limited period of association required with the last employer does not dispose of the prerequisite that an employment relationship be established under the act, MCL 418.161(1)(b); MSA 17.237(161)(1)(b), by means of the economic reality test, *Hyslop v Klein,* 85 Mich App 149, 153; 270 NW2d 540 (1978). Additionally, we emphasize that a last employer will only be held liable for a pro rata share of the total liability, based upon the amount of time over which the employee worked for him. MCL 418.435; MSA 17.237(435).

In *Foster v Detroit,* 56 Mich App 644; 224 NW2d 714 (1974), this Court was asked to determine whether plaintiff's 1965 disablement from emphysema and bronchitis was caused by conditions while plaintiff worked for the city or whether disablement was caused by seven years of foundry work with prior employers. The Court found neither, saying:

"It is clear that the appeal board properly applied this standard in denying benefits in this case. The board explained its position as follows:

"'We do not find that proofs establish that the *nature of plaintiff's employment with the City of Detroit* aggravated and exacerbated it beyond what exposure to atmospheric pollutants in everyday living and the normal progression of the disease would effect.' * * *

"And again:

" '* * * the proofs do not establish that the *nature of plaintiff's employment with the City of Detroit* aggravated and exacerbated his pulmonary condition beyond what exposure to atmospheric pollutants in everyday living and the normal progression of the pulmonary disease would effect.' " *Id.,* 650.

In *Derwinski v Eureka Tire Co,* 407 Mich 469; 286 NW2d 672 (1979), the Supreme Court analogized a Chapter 3 back injury claim to a Chapter 4 lung disease occupational disease and concluded that the statute (MCL 418.435; MSA 17.237[435]) imposed liability on the last employer if the employment was of the same type which risked the disease and in which it was first contracted while working for prior employers.

In view of the above cases, it appears to us that the Appeal Board did not apply the wrong standard in stating that there need not be an aggravation or worsening of the prior condition by the last employer.

II

Contrary to plaintiff's claim, defendants did not waive the question of apportionment. Because defendants prevailed at the hearing before the administrative law judge, they had no reason to raise or argue the issue before the Workers' Compensation Appeal Board hearing. *Rice v Michigan Sugar Co,* 83 Mich App 508, 511, fn 1; 269 NW2d 202 (1978). Thus, the questions of whether Jackson Plating should assume the total benefit costs or whether those costs should be apportioned among the former employers under MCL 418.435; MSA 17.237(435), and, if apportioned, whether the redemption agreement with certain prior employers precluded apportionment against those employers who were a party to the agreement, are properly before us. We address the two questions separately.

It is clear from *Derwinski, supra,* that Jackson Plating Company should not bear the sole responsibility for payment of benefits due plaintiff. In that case, the Supreme Court said:

"The appeal board in the case at bar failed even to mention that the purpose of § 435 is to distribute equitably the liability for a disease caused by similar employment conditions among the employers who were responsible for those conditions. We agree with the Court of Appeals that § 435 should be interpreted with this purpose in mind. Indeed, the position advocated by the appeal board and Justice WILLIAMS insulates the employer (Hosking) whose operation placed the most stress on plaintiff.

\* \* \*

"The drafters of the Worker's Disability Compensation Act clearly intended that similar multiple employments, through which an occupational disease finally progressed to a compensable disability, should share

proportionately in the payment of benefits. In this case, Mr. Derwinski was found by both the referee and the WCAB to have a degenerative disc disease caused by work in the two employments. That finding is conclusive and requires apportionment of liability." *Id.,* 488-489.

The question of whether a former employer who redeemed liability for an occupational disease is insulated from paying his proportionate share of liability is more difficult to answer. Only three cases have dealt with the problem. *Johnson v Valley Grey Iron Foundry,* 58 Mich App 574; 228 NW2d 469 (1975), *Vermiglio v Condor Manufacturing, Inc,* 91 Mich App 8; 282 NW2d 815 (1979), remanded to WCAB 407 Mich 903 (1979), *Hughes v Lakey Foundry Corp,* 91 Mich App 170; 284 NW2d 135 (1979). The decisions appear to be internally inconsistent. *Valley Iron Foundry* appears to hold that a prior employer must pay its proportionate share of benefits even though it has previously redeemed liability. However, the decision is ambiguous because it is unclear whether the redemption agreement redeemed a nonoccupational disease (groin injury) only, or whether it redeemed both the groin injury and the occupational injury because of exposure to dust.[2] Furthermore, *Condor Manufacturing, Inc,* holds that the last employer, who was the employer when the aggravation occurred, is protected from liability by a redemption agreement previously entered into by the last employer.

Given the sparsity of authority on the question raised, the seeming inconsistency or ambiguity of

---

[2] "Saginaw (the employer who redeemed) is not here required to pay twice nor is plaintiff receiving double compensation for the same injury. The plaintiff had two claims and Saginaw *has redeemed its liability for the groin injury only." Valley Grey Iron Foundry, supra,* 583. (Emphasis supplied.)

the decisions involved, and bearing in mind that the Appeal Board has not spoken to the issue in the instant case and, therefore, that this Court is without benefit of the expertise of the Appeal Board, we decline to decide *at this time* whether prior employers who have redeemed liability are relieved from paying their proportionate share of benefits. Instead, we desire the benefit of a ruling on that issue by the Appeal Board. In the interim, we will retain jurisdiction.

We also note that, based on the record before us, we are unable to determine which of some ten prior employers redeemed liability and what the agreements provided.[3] Further testimony may be needed on who did what to whom in the first redemption and precisely who subsequently employed plaintiff and for how long. These are matters which should be determined by the Appeal Board or the administrative law judge on remand.

Affirmed in part and remanded in accordance with this opinion. We retain jurisdiction.

---

[3] The opinion of the administrative law judge dismissed eight specifically named apportionment defendants.