BLACK v MICHIGAN BELL TELEPHONE COMPANY

Docket No. 60151. Submitted July 22, 1982, at Detroit.—Decided September 13, 1983.

Plaintiff, Mary L. Black, also known as Mary L. Konieczny, was employed by defendant, Michigan Bell Telephone Company, until January 14, 1976. Defendant thereafter, in accordance with its policy, voluntarily paid plaintiff her full salary for 13 weeks, and one-half of her salary until June 11, 1976. Defendant discontinued these payments when plaintiff filed a petition for workers' compensation. A hearing referee thereafter concluded that plaintiff was entitled to compensation for a personal injury arising out of and in the course of her employment with defendant and that defendant should receive credit toward the compensation ordered for the amount voluntarily paid by defendant subsequent to January 14, 1976. Both parties appealed to the Workers' Compensation Appeal Board which affirmed the award of compensation but determined that defendant should not receive credit for its voluntary payments. Defendant appeals contending that plaintiff's subsequent employment aggravated her personal injury, so that the last employer should be held liable instead of defendant, and that it should be entitled to offset the wages voluntarily paid. *Held:*

1. The record displays ample evidence to sustain the appeal board's finding of fact that plaintiff's subsequent employment did not aggravate her personal injury. The appeal board's ruling is affirmed as to plaintiff's right to compensation.

2. The record discloses that defendant has not proven that the wage continuation program which benefited plaintiff was either wages within the meaning of § 371 of the Worker's Disability Compensation Act or compensation paid pursuant to

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 82 Am Jur 2d, Workmen's Compensation §§ 633, 634.
[2] [No reference]
[3] 82 Am Jur 2d, Workmen's Compensation §§ 365, 366.
[4] 82 Am Jur 2d, Workmen's Compensation § 568.
[5] 81 Am Jur 2d, Workmen's Compensation § 77.

the act. The appeal board's ruling that defendant may not set off the amounts voluntarily paid is affirmed.

Affirmed.

C. J. HOEHN, J., concurred with the determination to affirm the board's ruling as to plaintiff's right to compensation but dissented from the determination to affirm the board's ruling that defendant may not set off the amounts voluntarily paid. He noted that the disallowance of a setoff would result in an unintended double recovery for the plaintiff, a result repugnant to the principles of workers' compensation law. He would affirm in part and reverse in part.

OPINION OF THE COURT

1. WORKERS' COMPENSATION — APPEAL BOARD — APPEAL.

Findings of fact by the Workers' Compensation Appeal Board are binding on the Court of Appeals where the record discloses any evidence on which such a finding could be based.

2. WORKERS' COMPENSATION — WORKER'S DISABILITY COMPENSATION ACT — JUDICIAL CONSTRUCTION.

The section of the Worker's Disability Compensation Act concerning savings, insurance or other benefits and their effect in the determination of compensation to be paid under the act was not ambiguous prior to its amendment in 1981 (MCL 418.811; MSA 17.237[811]).

3. WORKERS' COMPENSATION — WORKER'S DISABILITY COMPENSATION ACT — AWARD OF COMPENSATION — SETOFFS.

An employer may not set off from an award of compensation amounts voluntarily paid to the injured employee where the amount voluntarily paid was neither wages within the meaning of weekly wage loss as defined in the Worker's Disability Compensation Act nor compensation paid pursuant to the act (MCL 418.371, 418.811; MSA 17.237[371], 17.237[811]).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY C. J. HOEHN, J.

4. WORKERS' COMPENSATION — APPEAL BOARD — IMPLIED FINDING OF FACT.

*The Court of Appeals may note an implied finding of fact not explicitly stated where the fact was necessarily determined by the Workers' Compensation Appeal Board in order to reach a certain conclusion.*

5. WORKERS' COMPENSATION — DOUBLE RECOVERY FOR INJURY.

*Double recovery for the same injury is repugnant to the principles of workers' compensation law.*

*Kelman, Loria, Downing, Schneider & Simpson* (by *Donald W. Loria)*, for plaintiff.

*Lacey & Jones* (by *Stephen Jay Schwartz)*, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and D. C. RILEY and C. J. HOEHN,* JJ.

M. F. CAVANAGH, P.J. We adopt the facts as stated by our brother HOEHN and agree with his affirmance of plaintiff's right to compensation. However, we do not conclude that the record in this case requires a reversal as to defendant's right to set off amounts voluntarily paid. MCL 418.811; MSA 17.237(811) was not ambiguous prior to its amendment. We are persuaded by the Court's reasoning in *Henry v Ford Motor Co,* 291 Mich 535; 289 NW 244 (1939), and affirm the decision of the Workers' Compensation Appeal Board as this record discloses that defendant has not proven that the wage continuation program which benefited plaintiff was either wages within the meaning of MCL 418.371; MSA 17.237(371) or compensation paid pursuant to the Worker's Disability Compensation Act.

Affirmed.

D. C. RILEY, J., concurred.

C. J. HOEHN, J. *(dissenting in part).* Defendant appeals, by leave granted, from an order of the Workers' Compensation Appeal Board awarding benefits to plaintiff.

Defendant contends that plaintiff's subsequent

* Circuit judge, sitting on the Court of Appeals by assignment.

employment aggravated her nervous condition, so the last employer should be held liable instead of defendant. *Gilbert v Reynolds Metals Co,* 59 Mich App 62; 228 NW2d 542 (1975); *Vermiglio v Condor Mfg, Inc,* 91 Mich App 8; 282 NW2d 815 (1979).

The appeal board found factually that the subsequent employment did not aggravate plaintiff's nervous condition. Such findings of fact are binding on this Court if the record discloses any evidence on which such a finding could be based. *Gilbert, supra.*

The record displays ample evidence to sustain the appeal board's finding of fact.

Defendant also contends that it is entitled to an offset for wages voluntarily paid subsequent to plaintiff's disability.

January 14, 1976, was plaintiff's last day of employment with the defendant. Defendant thereafter, in accordance with its policy, voluntarily paid plaintiff her full salary for 13 weeks, and one-half of her salary until June 11, 1976. Defendant discontinued these payments when plaintiff filed her workers' compensation petition.

The appeal board found that defendant was prohibited from deducting the voluntary wage continuation payments by MCL 418.811; MSA 17.237(811).

"Sec. 811. Any savings or insurance of the injured employee, or any contribution made by the injured employee to any benefit fund or protective association independent of this act, shall not be taken into consideration in determining the compensation to be paid under this act, nor shall benefits derived from any other source than those paid or caused to be paid by the employer as provided in this act, be considered in fixing the compensation under this act, except as provided in sections 161, 354, 358, 821, and 846."

The appeal board cited a clause of this section to be controlling:

"Defendant's argument that it is entitled to credit against weekly benefits due for a salary continuation program is apparently based upon a misunderstanding of MCL 418.811. The controlling provision of this section applicable to the instant cause is '* * * nor shall benefits derived from any other source than those paid or caused to be paid by the employer *as provided in this act,* be considered in fixing the compensation under this act.'" (Emphasis by appeal board.)

The findings of the board reject by implication the possibility that the payments made by defendant were part of plaintiff's "benefits" package or that she contributed to such payments. This conclusion is necessarily implied, since the appeal board did not base its findings on the first portion of § 811, which deals with employee benefit and contribution packages and would have expressly negated defendant's claimed setoff. This Court may note an implied finding of fact not explicitly stated if, as here, the fact was necessarily determined in order to reach a certain conclusion. *Gilbert, supra,* p 68.

The voluntariness of the wage continuation distinguishes the instant case from that of *Beneteau v Detroit Free Press,* 117 Mich App 253; 323 NW2d 498 (1982), where credit was sought for money paid as part of the employee benefit package. The Court, in denying credit for such payments said:

"We do not think that these benefits were 'benefits * * * *paid by the employer* as provided in [the] act' pursuant to § 811." 117 Mich App 261. (Emphasis added.)

The supplemental wages were obviously mistakenly paid for a nonwork-related disability since they were stopped upon the filing of plaintiff's petition for compensation. These payments were clearly not intended to supplement the plaintiff's workers' compensation benefits.

*Stanley v Hinchliffe & Kenner,* 395 Mich 645; 238 NW2d 13 (1976), was a case where plaintiff had secured benefits under the workers' compensation laws of California and was now seeking to recover for the same disability in Michigan. The injury involved was a lung disease which was caused by working conditions in California, Michigan, and other states. The Michigan Workers' Compensation Appeal Board found in favor of plaintiff since the California benefits were from a source other than the Michigan employer, and were, therefore, excluded as a setoff by § 811.

In overruling the Michigan appeal board, the Court found that the language of § 811 was not applicable to such a situation. The Court held that double recovery was repugnant to the very principles of workers' compensation:

"Where the meaning of the statute is doubtful: 'a reasonable construction must be given, looking to the purpose subserved thereby. *Attorney General v Bank of Michigan,* Harr Ch (Mich) 315; *Bennett v Michigan Pulpwood Co,* 181 Mich 33; 147 NW 490 (1914). Its occasion and necessity are matters of judicial concern, *Sibley v Smith,* 2 Mich 486 (1853), and *Bennett v Michigan Pulpwood Co, supra,* and its purpose should be effected if possible, *People v Stickle,* 156 Mich 557; 121 NW 497 (1909). Its spirit and purpose should prevail over its strict letter, *Stambaugh Twp v Iron County Treasurer,* 153 Mich 104; 116 NW 569 (1908). Injustice in its application should be prevented, *Attorney General ex rel Common Council of the City of Detroit v Marx,* 203 Mich 331; 168 NW 1005 (1918), and absurd

consequences avoided, *Attorney General v Detroit United Railway,* 210 Mich 227; 177 NW 726 (1920).' *Webster v Rotary Electric Steel Co,* 321 Mich 526, 531; 33 NW2d 69 (1948)." *Stanley, supra,* p 657.

While the facts of *Stanley* are not on "all fours" with the present case, the reasoning and philosophy are. Here the disallowance of defendant's offset would result in an unintended double recovery for the plaintiff, a result which the Supreme Court has stated would be repugnant to the very principles of workers' compensation law.

The appeal board's ruling should be affirmed as to plaintiff's right to compensation and reversed as to defendant's right to set off the amounts voluntarily paid.